UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>BENJAMIN GALECKI,<br><br>        Defendant. | Case No. 2:15-cr-00285-APG-PAL<br><br>**ORDER**<br><br>(Mot. for Bill Particulars – ECF No. 154;<br>Mots. for Joinder – ECF Nos. 157, 164) |

This matter is before the court on Defendant Benjamin Galecki's Motion for Bill of Particulars (ECF No. 154). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motion, the Government's Response (ECF No. 186), the Motions for Joinder (ECF Nos. 157, 164) by Defendants Charles Burton Ritchie and Ryan Eaton, and Galecki's Reply (ECF No. 195).

## **BACKGROUND**

This case involves the government's allegations that Galecki and his co-defendants manufactured and distributed controlled substances and controlled substance analogues ("analogues"),[1] committed mail and wire fraud, and engaged in illegal financial transactions with the proceeds from their drug operations. A federal grand jury in this district initially returned an Indictment (ECF No. 1) on October 13, 2015, charging Galecki with eight counts. A Superseding Indictment (ECF No. 56) was returned August 24, 2016, charging Galecki with 26 counts and four corresponding forfeiture allegations:

- Count One – Continuing criminal enterprise in violation of 21 U.S.C. § 848.
- Count Two – Conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(h).

---

[1] In this case, the alleged analogues are "smokable synthetic cannabinoid products" referred to as "spice." Supers'g Indict. (ECF No. 56) at 3, ¶ 2.

1

- Count Three – Conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(h).
- Counts Four to Seven – Transporting funds to promote unlawful activity in violation of 18 U.S.C. § 1956(a)(2)(A) and 18 U.S.C. § 2.
- Count Eight – Conspiracy to launder money instruments in violation of 18 U.S.C. § 1956(h).
- Count Nine – Conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.
- Counts Ten to Thirteen – Mail fraud in violation of 18 U.S.C. § 1341 and § 2.
- Count Fourteen – Conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.
- Counts Fifteen to Nineteen – Wire fraud in violation of 18 U.S.C. § 1343 and § 2.
- Count Twenty – Conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance and a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846.
- Count Twenty-One – Possession with intent to distribute a controlled substance and a controlled substance analog to the extent intended for human consumption in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.
- Count Twenty-Two – Conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance analogue intended for human consumption in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C) and 846.
- Count Twenty-Three – Manufacture a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2.
- Count Twenty-Four – Distribution of a controlled substance analogue in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2.
- Count Twenty-Five – Maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.
- Count Twenty-Six – Possession of a listed chemical with the intent to manufacture a controlled substance analogue intended for human consumption in violation of 21 U.S.C. § 841(c) and 18 U.S.C. § 2.

On August 29, 2016, Galecki filed an Unopposed Motion for Wavier of Appearance at Arraignment and Entry of Plea of Not Guilty (ECF No. 65) as to the Superseding Indictment. The court granted the waiver of appearance. Order (ECF No. 67). On August 31, 2016, Magistrate Judge George W. Foley held an arraignment during which defense counsel appeared on behalf of Mr. Galecki. *See* Mins. of Proceedings (ECF No. 68). Judge Foley addressed the wavier of appearance and entered a plea of not guilty on behalf of Galecki pursuant to his written waiver. *Id*. Defendants Burton and Eaton were also arraigned on the Superseding Indictment on August 31, 2016. Mins. of Proceedings (ECF Nos. 69, 70).

Summarized broadly, Counts Two through Eight of the Superseding Indictment involve allegations of illegal financial transactions, Counts Nine through Nineteen allege mail and wire

fraud, and Counts Twenty through Twenty-Six are charges involving controlled substances and their analogues.

With regard to illegal financial transactions, the charging document alleges:

> 14. Between in or about May 2012, and in or about August 2012, Ritchie and Galecki deposited and caused to be deposited at least $1.5 million in proceeds of Zencense's manufacturing and distribution operations of synthetic cannabinoid product into Gulf Coast Community Bank business account ending in number 4740 ("Zencense Account 4740").
>
> 15. Between in or about May 2012, and in or about August 2012, Ritchie and Galecki withdrew and transferred more than $830,000 in distributions from Zencense Account 4740. ·

Supers'g Indict. (ECF No. 56) at 5, ¶¶ 14–15. For Counts Four to Seven, the Superseding Indictment provides a table of alleged illegal financial transactions:

| Count | Approximate Date of Transmission / Transfer | Origination | Destination | Approximate Amount |
|---|---|---|---|---|
| 4 | June 4, 2012 | Zencense Account 4740 | Individual with initials L.G., Bank of China, Jiaojiang, China | $24,900 |
| 5 | June 21, 2012 | Zencense Account 4740 | Individual with initials L.G., Bank of China, Jiaojiang, China | $14,000 |
| 6 | July 17, 2012 | Zencense Account 4740 | Individual with initials X.J., Bank of China, Jiaojiang, China | $24,900 |
| 7 | July 24, 2012 | Zencense Account 4740 | Individual with initials X.J., Bank of China, Jiaojiang, China | $14,000 |

*Id*. at 10, ¶ 23.

Counts Twenty through Twenty-Six of the Superseding Indictment state charges related to controlled substances and analogues. XLR-11 a/k/a 5F-UR-144 ("XLR-11") and AM2201 are the controlled substances and analogues at issue in this case. *Id*. at 5, ¶ 10. Counts Twenty-Two through Twenty-Six address XLR-11, while Twenty and Twenty-One specifically address AM2201. Only Count Twenty-Five, maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1), involves both XLR-11 and AM2201.

## DISCUSSION

I. **LEGAL STANDARD**

Rule 7 of the Federal Rules of Criminal Procedure addresses a defendant's request for a

bill of particulars.[2]  Fed. R. Crim. P. 7(f) ("The court may direct the government to file a bill of particulars.").  The Local Rules of Criminal Practice require a defendant to file a motion for bill of particulars within 30 days from the arraignment unless the court orders otherwise.  LCR 12-1.

The purpose of a bill of particulars is "to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).  The Ninth Circuit has recognized that a bill of particulars has three functions:

> [1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (citation omitted); *see also United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985).  The function and purpose of a bill of particulars is served when "the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense."  *Mitchell*, 744 F.2d at 705.  The court "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government."  *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).  A meritorious motion should specify any prejudice or surprise that would result from the denial of his request for a bill of particulars.  *United States v. DiCesare*, 765 F.2d 890, 898 (9th Cir. 1985).  The decision of whether or not to grant a motion for a bill of particulars is committed to the discretion of the trial court.  *Long*, 706 F.2d at 1054.

The Ninth Circuit has expressly held that a bill of particulars is not required to identify exact details sought by defendants.  *DiCesare*, 765 F.2d at 897–98.  A defendant has no right "to know all the evidence the government intends to produce, but only the theory of the government's case."  *Giese*, 597 F.2d at 1181 (citation omitted).  For example, a bill of particulars is not warranted to provide the following kinds of details: "(1) to obtain the names of any unknown coconspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity."  *DiCesare*, 765 F.2d at 897–

---

[2] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Criminal Procedure.

98 (citing *United States v. Long*, 449 F.2d 288, 294–95 (8th Cir. 1971) (exact times); *Wilkins v. United States*, 376 F.2d 552, 562–63 (5th Cir. 1967) (names of all coconspirators); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965) (all overt acts)). Evidentiary details such as the who, what, when, where, and why of the crimes alleged fall within the scope of discovery and do not warrant a bill of particulars. *United States v. Ellis*, 121 F. Supp. 3d 927, 941 (N.D. Cal. 2015). A "defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Grace*, 401 F. Supp. 2d 1103, 1107 (D. Mont. 2005) (citing *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981)).

Additionally, the "government is not required to disclose its theory of liability as to each defendant in a bill of particulars, as long as full discovery is provided to the defense." *Ellis*, 121 F. Supp. 3d at 942 (citing *United States v. Buckner*, 610 F.2d 570, 574 (9th Cir. 1979) ("Assuming, as we do, that all relevant facts were disclosed and available, the government is not obliged to disclose the theory under which it will proceed.")). "Full discovery 'obviates the need for a bill of particulars'." *Id.* at 941 (quoting *Giese*, 597 F.2d at 1180).

## II. THE PARTIES' POSITIONS

### A. Mr. Galecki's Position

Galecki's motion asks the court to order the government to issue a bill of particulars specifying evidence on which it intends to rely to prove certain charges in the Superseding Indictment. First, Galecki argues that Counts Two, Three, and Eight do not indicate what transactions constitute the alleged illegal financial transactions. Counts Four through Seven provide a table clearly identifying financial transactions the government alleges were illegal, but Counts Two, Three, and Eight do not. Given the voluminous discovery in this case, it is unclear which transactions are related to the alleged conspiracies charges in these counts. Galecki requests a bill of particulars to clarify these vague and ambiguous allegations. At a minimum, Galecki argues the government should be ordered to furnish particulars concerning any overt acts related to financial transactions not enumerated in the charging document that the government intends to introduce into evidence at trial.

Additionally, Galecki asserts that a bill of particulars is necessary for Counts Twenty,

Twenty-One, and Twenty-Five related to the substance AM2201. He argues that AM2201 was not a scheduled controlled substance during the large majority of the time alleged. AM2201 was signed into law as a schedule I substance on July 9, 2012. The Superseding Indictment alleges the following time frames regarding the AM2201 counts: Count Twenty – in or about March to August 2012; and Counts Twenty-One and Twenty-Five – on or about May 28 to July 25, 2012. The government should be ordered to issue a bill of particulars specifying the evidence on which it intends to rely for the notion that AM2201 was being manufactured or distributed because AM2201 was not a scheduled substance until July 9, 2012, and on information and belief, only a small amount of AM2201 was seized.

### B. The Government's Position

In response, the government first argues that Galecki's motion is untimely. Defendants were arraigned on the Superseding Indictment on August 31, 2016. *See* Mins. of Proceedings (ECF Nos. 68, 69, 70). Mr. Galecki has been a defendant in this case since its inception and has been represented by counsel the entire time. He has not sought, and the court has not granted, leave to file a motion for bill of particulars 18 months after his arraignment. Thus, the court should deny the motion as untimely.

The government further asserts that the Superseding Indictment is a 34-page "speaking indictment" which clearly apprises defendants of the charges because it goes into substantial detail for each charge. It is well-established under Ninth Circuit law that an indictment charging conspiracy under 21 U.S.C. § 846 need not include any overt acts. Galecki's conclusory argument regarding voluminous discovery is not a basis for a bill of particulars because there is a speaking indictment detailing the transactions and/or events charged. The charges satisfy Rule 7's requirement for a "plain, concise, and definite written statement of the essential facts constituting the offense charged" as each count references the date or range of dates of the conspiracy or substantive count.

The government maintains that Mr. Galecki's argument regarding AM2201 is without merit. The Superseding Indictment alleges that: (a) prior to July 9, 2012, AM2201 was an analogue of JWH-018; and (b) after July 9, 2012, AM2201 is a schedule I controlled substance (specifically,

from July 9–25, 2012). The dates when AM2201 is alleged as an analogue and as a schedule I controlled substance are clearly identified in each of the counts. AM2201 could not be an analogue and a schedule I controlled substance at the same time. There is no ambiguity in the AM2201 charges. Furthermore, Galecki cites no case law for the proposition that the government is required to identify the evidence it plans to use to prove a count of an indictment.

### III. ANALYSIS

The court finds that Galecki's motion is untimely. He did not seek, and the court did not grant, leave to file a motion for bill of particulars 18 months after his August 2016 arraignment on Superseding Indictment. Therefore, denial of the motion is appropriate on this basis alone. However, the motion should also be denied on its merits. The language of the Superseding Indictment is detailed and clear, and when read as a whole, it sufficiently informs defendants of the charges against them.

Mr. Galecki claims that he seeks to clarify a vague and ambiguous indictment. In actuality his motion asks for the who, what, when, where, and why of the crimes alleged, which are questions that fall within the scope of discovery and do not warrant a bill of particulars. *See Ellis*, 121 F. Supp. 3d at 941. He asks for exact financial transactions or specific acts or conduct in reference to particular paragraphs or counts. An indictment is not required to specifically allege how a violation was committed. *See United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) ("An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts." (citation omitted)).

With regard to illegal financial transactions, the Superseding Indictment alleges six counts: Count Two – Conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(h); Count Three – Conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(h); Counts Four to Seven – Transporting funds to promote unlawful activity in violation of 18 U.S.C. § 1956(a)(2)(A) and 18 U.S.C. § 2; and Count Eight – Conspiracy to launder money instruments in violation of 18 U.S.C. § 1956(h). ECF No. 56 at 7–11. Notably, Counts Two, Three, and Eight allege the offenses occurred during a narrow time

frame: in or about March 2012 to August 2012. The charging document specifically alleges that defendants Ritchie and Galecki deposited at least $1.5 million in proceeds of the spice manufacturing and distribution operations into a business bank account and then withdrew and transferred more than $830,000 from that account between May and August 2012. *Id*. at 5, ¶¶ 14–15. It also specifically alleges that Ritchie and Galecki transmitted or transferred funds to individuals in China in or around June and July 2012. *Id*. at 9–10, ¶ 23.

Counts Two, Three, and Eight cannot be read in a vacuum. The charging document contains background allegations regarding the alleged history of the manufacturing and distribution operation, including illegal financial transactions. The background allegations inform all subsequent counts as they are incorporated by reference in each count. The court finds that the nature of the financial offenses is obvious from the Superseding Indictment.

With regard to the substance AM2201, the Superseding Indictment alleges three counts: Count Twenty – Conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance and a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846; Count Twenty-One – Possession with intent to distribute a controlled substance and a controlled substance analog to the extent intended for human consumption in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; and Count Twenty-Five – Maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. *Id*. at 16–17, 19–20.

The charging document specifically alleges that Ritchie leased a warehouse in Las Vegas in May 2012. *Id*. at 4, ¶ 7. In late May 2012, Eaton relocated to Las Vegas at Ritchie and Gaelcki's direction to begin manufacturing spice products at the Las Vegas warehouse. *Id*. ¶ 8. Galecki ordered XLR-11 and AM2201 and had these substances delivered to the warehouse between May 2012 and July 25, 2012. *Id*. at 5, ¶ 10. Between May 28 and July 25, 2012, Galecki and his co-defendants allegedly manufactured and caused to be manufactured up to approximately 200 kilograms of spice per week in the Las Vegas warehouse. *Id*. ¶ 12. During that time, defendants communicated with each other by text message and email. *Id*. ¶ 9. The nature of the AM2201 charges is obvious from the Superseding Indictment.

8

Galecki argues that he is "unaware as to how the government intends to prosecute" the AM2201 charges because the time frame alleged, March to August 2012, "overlaps" periods when AM2201 was considered an analogue and a schedule I controlled substance. As a result, this method of prosecution will create unfair surprise at trial and violate due process. The court disagrees. The Superseding Indictment alleges that AM2201 was an analogue *prior* to July 9, 2012; and *after* July 9, 2012, AM2201 is a schedule I controlled substance. Thus, the charging document is not ambiguous as to what periods are charged in relation to AM2201, and it adequately provides notice of the charges.

Finally, Mr. Galecki describes discovery in this case as "voluminous" and cites out of circuit cases and unpublished district court opinions granting motions for a bill of particulars, some only in part, in voluminous discovery cases.[3] *See* Mot. (ECF No. 154) at 6; Reply (ECF No. 195) at 4–6. Some courts have exercised their discretion to require a bill of particulars in complex voluminous discovery cases in which the indictment contained broad general terms referring to a broad class of international activity. *See, e.g.*, *United States v. Bin Laden*, 92 F Supp. 2d. 225 (S.D.N.Y 2000). This is not such a case. Although the discovery in this case is voluminous the government furnished a searchable discovery index to defense counsel to aid their review of the discovery. Galecki does not claim that the index is unhelpful, or that he cannot find information needed to prepare for trial.

Discovery in this case includes video and audio recordings and thousands of pages of documents and other discovery materials. *See* Order (ECF No. 24) at 3 (adopting the parties' stipulated Complex Case Schedule). In January 2016, the government requested a hard-drive from defense counsel capable of holding at least 16 gigabytes of storage for the government to download additional discovery. *Id*. However, the government provided defendants with a searchable index

---

[3] *See United States v. Davidoff*, 845 F.2d 1151, 1154–55 (2d Cir. 1988); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *United States v. Pollack*, 2013 WL 3967742 (N.D. Cal. July 31, 2013); *United States v. Cervantes*, 2013 WL 3456876 (N.D. Cal. July 9, 2013); *United States v. Windley*, 2012 WL 2813859 (D. Ariz. July 10, 2012); *United States v. Goldfarb*, 2011 WL 335349 (D. Ariz. Jan. 27, 2011); *United States v. Huebner*, No. CR-10-101-BLG-RFC, 2011 WL 176820 (D. Mont. Jan. 19, 2011); *United States v. Wong*, 2007 WL 404807 (N.D. Cal. Feb. 2, 2007); *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001); *United States v. Savin*, 2001 WL 243533 (S.D.N.Y. Mar. 7, 2001).

describing the information produced and the location of the digital folders containing the information. Resp. (ECF No. 186) at 5. Galecki has now had more than two years to review discovery the government produced along with a searchable index. His Reply (ECF No. 195) does not even address the government's argument about the index. He does not claim that the government engaged in an indiscriminate "document dump" or that he is unable to discern how the discovery the government produced is relevant to the charges alleged in the indictment. Rather the motion seeks evidentiary details of how the government intends to prove its case at trial.

The court concludes that the 34-page Superseding Indictment sufficiently informs defendants of the nature of the charges to allow them to prepare a defense, avoid any unfair surprise at trial, and plead double jeopardy in any subsequent prosecution.

For the reasons explained,

**IT IS ORDERED:**

1. Defendants Charles Burton Ritchie and Ryan Eaton's Motions for Joinder (ECF Nos. 157, 164) are **GRANTED**.
2. Defendant Benjamin Galecki's Motion for Bill of Particulars (ECF No. 154) is **DENIED**.

Dated this 24th day of May, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE