UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES BURTON RITCHIE, et al.,

Defendants.

Case No. 2:15-cr-00285-APG-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

(Mot Suppress – ECF No. 167)

Before the court is Defendant Charles Burton Ritchie's ("Ritchie") Motion to Suppress Illegally Obtained Evidence (ECF No. 167), which was referred for a Report of Findings of Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB1-4. The court has considered the Motion (ECF No. 167), the government's Response (ECF No. 187), and Ritchie's Reply (ECF No. 202) as well as the Joinders to the Motion (ECF Nos. 169, 172) of co-defendants Galecki and Eaton.

## BACKGROUND

### I. Indictment (ECF No. 1)

Ritchie is charged in an Indictment (ECF No. 1) returned October 13, 2015, with conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance analogue intended for human consumption in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C) and 846; maintaining a drug involved premises and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and conspiracy to misbrand drug in violation of 18 U.S.C. § 371.

**II. Superseding Indictment (ECF No. 56)**

A Superseding Indictment (ECF No. 56) was recently returned August 24, 2016, with conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(h); continuing criminal enterprise in violation of 21 U.S.C. § 848; conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(h); conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; transporting funds to promote unlawful activity and aiding and abetting in violation of 18 U.S.C. § 1956(a)(2)(A) and 18 U.S.C. § 2; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance analogue intended for human consumption in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), 841(b)(1)(C) and 846; conspiracy to manufacture, possess with intent to distribute a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846; maintaining a drug-involved premises and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 2; conspiracy to misbrand drug in violation of 18 U.S.C. § 371; conspiracy to launder money instruments in violation of 18 U.S.C. § 1956(h); conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; mail fraud and aiding and abetting in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2; conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; wire fraud and aiding and abetting in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance and a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 846; possession with intent to distribute a controlled substance and a controlled substance analog to the extent intended for human consumption and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 846; manufacture a controlled substance analogue to the extent intended for

human consumption and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 841(1)(C) and 18 U.S.C. § 2; distribution of a controlled substance analogue and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2; maintain a drug-involved premises and aiding and abetting in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and possession of a listed chemical with the intent to manufacture a controlled substance analogue intended for human consumption and aiding and abetting in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2.

**III. The Motion to Suppress Evidence (ECF No. 167)**

Large portions of the current motion to suppress are cut and pasted from an earlier June 22, 2016 Motion to Suppress (ECF No. 44) filed by co-defendant Galecki. The court entered a Report of Findings and Recommendation (ECF No. 80) on September 19, 2016, recommending that the motion to suppress be denied because Galecki had not established standing, that is, that he had a reasonable expectation of privacy in the searched premises sufficient to contest the search or search warrant in this case. Neither Galecki nor any of the co-defendants filed objections to the report and recommendation. The district judge therefore affirmed the report of findings and recommendation, accepted and approved them in their entirety, and denied Galecki's Motion to Motion to Suppress (ECF No. 44). *See* Order (ECF No. 110).

Ritchie's motion challenges a July 24, 2012 search warrant issued to search a warehouse located at 5435 Desert Point Drive in Las Vegas, Nevada which was executed on July 25, 2012. Ritchie's current motion to suppress argues that evidence obtained from the June 24, 2012 search warrant issued by Magistrate Judge George W. Foley should be suppressed because the affidavit supporting the search warrant contains materially false and misleading statements. Ritchie argues that excised of these false and misleading statements, the warrant fails to establish probable cause. If the court is not inclined the grant the motion to suppress on the moving and responsive papers, Ritchie argues that, at a minimum, the court must conduct a *Franks* hearing because the motion meets his burden of making a substantial showing of deliberate falsehood or reckless disregard, and that but for the affiant's dishonesty, the challenged action would not have occurred.

To establish standing to contest the search warrant, Ritchie relies on other statements in the affidavit by the same special agent he accuses of dishonesty in applying for the search warrant.

The government opposes the motion arguing that the motion is untimely. The government argues the motion has already been adjudicated in the court's prior report of findings and recommendation, and the district judge's order adopting the report of findings and recommendation and denying the motion. Ritchie has been represented throughout this case by the same counsel. His lawyer was counsel of record at the time co-defendant Galecki filed his motion to suppress on June 22, 2016, but did not join in Galecki's motion. Counsel for Ritchie provides no reason why he did not join in the original motion or file a motion to suppress himself by the motion deadline in effect at that time. Instead, he waited an additional 18 to file this motion. The government maintains the court should not grant the defendants a "second bite of the apple." The government argues that under the principles of *res judicata* the defendants should not be permitted to raise the same issues previously raised in Galecki's earlier motion to suppress.

The government also opposes the motion arguing Ritchie's untimely motion has not established that he has standing to contest the search warrant at issue. Specifically, he has not established that he had a legitimate expectation of privacy in the warehouse that was searched. Fourth Amendment rights are personal and may not be vicariously asserted. Ritchie's motion and Eaton's joinder have not sufficiently established standing to challenge the search. Eaton's joinder adds nothing to the substance of the merits of Ritchie's motion. It is each defendants' burden to establish standing.

Moreover, the government contends the grounds on which Galecki's initial motion to suppress was denied are the same grounds on which Ritchie's current motion should be denied. Ritchie's motion is based on the same exhibits that were attached to the original motion attacking the affiant's statements and requesting a *Franks* hearing. The motion attached the same 2016 unsworn defense investigator's report which the government refuted by the sworn declaration of detective Dockery in support of its opposition to Galecki's motion to suppress. There are no new facts in the instant motion that were not known at the time Galecki filed his original motion to suppress. For these reasons, the court should deny Ritchie's current motion to suppress which is substantially identical to Galecki's prior motion to suppress which the court previously denied.

/ / /

Ritchie replies that the government's response has failed to address the merits of his motion which Galecki's former counsel failed to insufficiently address. The current motion to suppress establishes that all of the defendants had an objective and subjective expectation of privacy in the warehouse at issue. The reply rhetorically asks how the government can "argue that Defendants exercised dominion and control over the unit, while simultaneously taking the position" they lack standing. The reply also argues that the government's "second bite of the apple" argument is not supported by application of the principles of *res judicata* or collateral estoppel. Here, pretrial deadlines have been repeatedly extended. The trial is still months away. Ritchie and Galecki have been through two trials in Norfolk, Virginia. At the time the motion to suppress was filed, an appeal was still pending in the Fourth Circuit and another trial date set for August 2018 in the District of Alabama. Because of the inadequacies of the first Galecki motion, and because the report and recommendation did not address the merits of the search, the court should do so now.

## DISCUSSION

The Fourth Amendment secures "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment protects reasonable and legitimate expectations of privacy. *Katz v. United States*, 389 U.S. 347 (1967). The Fourth Amendment protects "people, not places." *Id*. Evidence obtained in violation of the Fourth Amendment, and evidence derived from it may be suppressed as the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471 (1963). Defendants seeking to suppress evidence obtained pursuant to a search warrant have the burden of establishing standing, that is, that they had both an objective and subjective expectation of privacy in the searched premises or the things seized that society is prepared to accept as reasonable. *Rakas v. Illinois*, 439 U.S. 128 (1978); *United States v. Davis*, 332 F. 3d 1163, 1167 (9th Cir. 2003).

Co-defendant Galecki filed a nearly identical motion to suppress on June 22, 2016. Neither Eaton nor Ritchie joined in the motion. The current motion is based on nearly identical arguments and supported by the same exhibits, including the 2016 unsworn defense investigator's report of a witness interview. The court found Galecki had not met his burden of establishing standing to contest the search or search warrant issued by Judge Foley for the warehouse at issue in this case.

Neither Galecki, nor his co-defendants, objected to the report of findings and recommendation. As a result, the district judge approved and adopted the recommendation in its entirety and denied the motion to suppress. A year-and-a-half later, Ritchie filed this nearly identical motion.

The current motion relies on the same allegedly false and misleading statements in Special Agent Behar's affidavit supporting the search warrant. Arguing SA Behar intentionally or recklessly mislead Judge Foley to obtain the search warrant, Richie now argues the court should accept portions of Behar's affidavit about the defendants' connection to the warehouse to establish their standing to challenge the warrant. None of the defendants have provided affidavits, declarations or an offer of proof supporting their standing to contest the search. Eaton's made no attempt to establish his standing to contest a search of the warehouse. His two-line Motion for Joinder (ECF No. 172) states only that he "hereby adopts and incorporates the arguments set forth in Defendant Ritchie's Motion. Galecki's Motion for Joinder (ECF No. 169) states that he "hereby joins … Document 167." The joinder claims his standing "is already asserted in said motion, including, but not limited to, in footnote 24 of said motion." Footnote 24 of Ritchie's motion cites excerpts from what purports to be Ritchie's trial testimony in the District of Virginia in January 2017 that Galecki was Ritchie's business partner in Zencense, LLC, "not for tax purposes" but as a member of the LLC with a twenty percent interest who had "decision making authority", and was in charge of "procurement".

The court finds that the current motion to suppress is actually a motion to reconsider the court's report of findings and recommendation (ECF No. 80), and the district judge's order (ECF No. 110) denying Galecki's prior June 22, 2016 motion to suppress. Rirchie is correct that the parties have stipulated to extend the trial date, calendar call, and motion deadlines several times. The last two Orders (ECF Nos. 150, 174) granting the parties' stipulations extended the time for the defendants to file pretrial motions. However, the stipulations specifically provided that the parties had not reached an agreement "on whether grounds asserted on prior motions briefed before the court can or cannot be filed at this juncture, which this stipulation does not address." *Id.*

Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration may be filed in criminal cases. *United States v. Lopez-Cruz*, 730 F.3d 803, 811

(9th Cir. 2013) ("No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding. Rather, the district court's authority to revisit a ruling on a suppression motion 'is within its sound judicial discretion'.") (quoting *United States v. Raddatz*, 447 U.S. 667, 678 n.6 (1980)). Courts typically evaluate these motions under the standards applied to civil motions for reconsideration. *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). Reconsideration may be appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2004) (quoting *School Dist. No. 1J*, *Mutlnomah County v. ACandS*, *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1. "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *W. Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1053 (D. Nev. 2005).

Although styled a motion to suppress, it is actually a motion to reconsider. The court finds that Ritchie has not met his burden of establishing reconsideration is appropriate. The motion is not based any newly discovered evidence. It attaches the same exhibits and the same unsworn defense investigator's report that were attached to Galecki's motion to suppress. The current motion is not supported by a declaration or offer of proof from any of the defendants in support of their standing to contest the search at issue. The motion does not allege that the court committed clear error, or that the initial decision was manifestly unjust. Ritchie has also not established any intervening change in controlling law. Rather, Ritchie and his co-defendants are merely attempting to re-litigate the same issues and arguments raised in Galecki's initial motion to suppress.

For these reasons,

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED**: Defendants Galecki and Eaton' Motions for Joinder (ECF Nos. 169, 172) are **GRANTED.**

**IT IS RECOMMENDED** that the Defendant Charles Burton Ritchie's Motion to Suppress Illegally Obtained Evidence (ECF No. 167) be treated as a Motion for Reconsideration, and **DENIED**.

DATED this 20th day of June, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE