|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | UNITED STATES OF AMERICA, | Case No.: 2:15-cr-00285-APG-PAL |
| 4 | Plaintiff | **Order** |
| 5 | v. | **[ECF Nos. 207, 227, 228, 229, 230]** |
| 6 | CHARLES BURTON RITCHIE, BENJAMIN GALECKI, and RYAN MATTHEW EATON, | |
| 7 | | |
| 8 | Defendants | |

Defendant Benjamin Galecki moves to dismiss the charges against him due to pre-indictment delay. ECF No. 207. He argues that the Government took over three years after the search warrant was executed at the warehouse to file the initial indictment and another year to file the superseding indictment. He claims he has been prejudiced by this delay because it has impacted one of his witnesses, Dr. Berrier, who was a research chemist with the Drug Enforcement Agency (DEA). Galecki contends the Government has used the delay to accumulate evidence to discredit Dr. Berrier. He also argues the Government purposefully delayed initiating the prosecution for tactical advantage by filing this criminal case at the same time as prosecutions in Alabama and Virginia, as well as several civil forfeiture actions. He argues the charges in multiple jurisdictions and the frozen funds have overwhelmed the defendants.

The Government responds that the defendants have failed to show actual prejudice resulting from the delay between the search and the indictments. The Government contends Dr. Berrier's testimony is not relevant to this case because he opines about an uncharged substance and because the defendants have other experts to opine on whether the charged substance is an

analogue.  Alternatively, the Government argues that if Dr. Berrier's testimony is relevant and non-cumulative, the Government's delay is not what caused problems with his credibility because the Government could not have predicted that Dr. Berrier would be criminally charged in June 2017 for conduct unrelated to this case.  The Government further notes that the case was scheduled for trial three times before Dr. Berrier was arrested, so it was not the delay between the search and the indictment that potentially impacted Dr. Berrier's credibility.  As to the alleged tactical advantage, the Government argues it is entitled to pursue charges for distinct crimes in distinct places and that the three prosecutions are the result of the defendants' conduct.

Magistrate Judge Leen issued a report recommending that I deny the motion. ECF No. 227.  She concluded that Galecki did not show he "suffered actual, non-speculative prejudice from the pre-indictment delay" because he had not shown any lost evidence, witnesses, or testimony between the time of the search and the indictment. *Id.* at 12.  She notes that Dr. Berrier is still available as a witness, even if his credibility may be impacted by the criminal charges. *Id.* She also noted that the defendants have other experts to testify about whether the charged substance qualifies as an analogue. *Id.* at 12-13.  Magistrate Judge Leen noted that the defendants had not presented any evidence that the Government filed the three prosecutions for tactical advantage, that the asset freezes deprived Galecki of adequate funds to defend himself, what witnesses have been restricted, or how the defendants were inhibited in pursuing their speedy trial rights in any of the jurisdictions. *Id.* at 13.  She therefore recommended that I deny the motion. *Id.* at 13-14.

Galecki objects to Magistrate Judge Leen's recommendation. ECF No. 228.  He argues Magistrate Judge Leen failed to recognize that the Government's motion to stay precluded Dr. Berrier's deposition going forward in the civil forfeiture action.  He also argues that in addition

to the criminal charges that may undermine Dr. Berrier's credibility, Dr. Berrier is no longer employed by the DEA and he may invoke his Fifth Amendment rights during his testimony. He also argues Magistrate Judge Leen inaccurately described as speculative the prejudice of multiple prosecutions. Finally, he contends that as a result of three simultaneous prosecutions in three different cases, the defendants could not invoke their speedy trial rights in all three cases and maintain their counsel of choice. Defendants Eaton and Charles Burton Ritchie move to join the objection. ECF Nos. 229, 230.

The Government responds that Ritchie should not be allowed to join the objections because he did not join the underlying motion. It also argues the defendants cannot show actual prejudice because Dr. Berrier was arrested two years after the indictment in this case, and trial was scheduled three times before that arrest. Therefore, any damage to Dr. Berrier's credibility is a result of his own actions long after the indictment in this case and is not attributable to the Government. The Government also argues that even if Dr. Berrier invoked his Fifth Amendment rights, the defendants have other experts who will testify on the same subject as Dr. Berrier. The Government denies that it timed the prosecutions in the various jurisdictions to gain a tactical advantage. As to the speedy trial rights, the Government argues the defendants have moved for or stipulated to six delays of the trial, and in any event that delay occurred post-indictment so it cannot be deemed prejudicial, pre-indictment delay.

**I. ANALYSIS**

As required by Local Rule IB 3-2, I conducted a de novo review of the issues in the Report of Findings and Recommendation to which the defendants have objected. The parties are familiar with the facts and the substantive law governing these issues, so I will not set forth the facts or law here except where necessary.

3

**A. Joinders**

I deny Ritchie's motion to join in the objections (ECF No. 229) because he did not join the motion. I grant Eaton's motion to join in the objections (ECF No. 230) to the extent the objections and arguments apply to him.

**B. Dr. Berrier's Deposition**

Galecki first objects to Magistrate Judge Leen's finding that the defendants had not explained why Dr. Berrier was not deposed in the civil forfeiture action. Galecki contends she failed to address that the Government obtained a stay of the civil forfeiture action after criminal charges against the defendants were filed in Virginia and in this case, so that is why Dr. Berrier was not deposed. Magistrate Judge Leen did not address that fact because the defendants did not bring it to her attention. It is not incumbent upon the judge to investigate and discover facts supporting the defendants' claim. The defendants bear the burden of demonstrating actual prejudice. *See United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005) (stating "a defendant must prove that he suffered actual, non-speculative prejudice from the delay, meaning proof that demonstrates exactly how the loss of evidence or witnesses was prejudicial" (quotation omitted)). Further, the defendants did not oppose the stay in the civil forfeiture action and have never sought to lift the stay to depose Dr. Berrier.

Galecki also does not explain the importance of Dr. Berrier's deposition in the civil case. The fact that the defendants have not deposed him in the civil forfeiture action does not deprive them of calling Dr. Berrier as a witness in a criminal trial. I therefore overrule this objection.

**C. Actual Prejudice–Dr. Berrier**

Galecki next argues the defendants have been prejudiced because Dr. Berrier's credibility has been damaged by events that post-date the indictment. He also speculates that Dr. Berrier

may invoke his Fifth Amendment right against self-incrimination if called to testify. Galecki contends that but for the Government's pre-indictment delay, Dr. Berrier would not have a criminal case pending at the time of the defendants' trial in this case.

Galecki has not shown actual prejudice on this basis. The original indictment in this case was filed on October 13, 2015. ECF No. 1. The superseding indictment (which added Eaton as a defendant) was filed on August 24, 2016. ECF No. 56. Dr. Berrier was charged criminally in June 2017. Consequently, Dr. Berrier's credibility was impacted long after the indictments in this case, and not during the period between the search and the indictments. The defendants may still call Dr. Berrier as a witness, and there is no evidence his testimony has been altered by the passage of time. The fact that Dr. Berrier's credibility is now in question given that criminal charges have been filed against him is not attributable to pre-indictment delay. There is no evidence the Government could or should have predicted at any time during the pre-indictment period that several years later Dr. Berrier would face criminal charges unrelated to his work for the DEA. Further, trial was set in this case multiple times before Dr. Berrier's legal problems arose. Thus, it was not pre-indictment delay that led to Dr. Berrier's potential credibility problems.

I therefore overrule the defendants' objection on this basis. The defendants have not shown actual prejudice on the basis of Dr. Berrier's potential credibility issues. *Barken*, 412 F.3d at 1134 ("The second part of the test applies only if the defendant has demonstrated actual prejudice.").

**D. Actual Prejudice–Tactical Timing**

Galecki argues that the defendants have been overwhelmed by the Government's tactical timing of three simultaneous criminal prosecutions in three different jurisdictions combined with

several civil forfeiture actions. Galecki asserts the Government admitted in its opposition to the motion that it arranged for the simultaneous prosecution of the defendants. He notes the defendants are facing three trials in three different courts and the Government opposes continuing the trial in this case even though a third trial will be required in Virginia. Finally, Galecki asserts the defendants could not invoke their speedy trial rights in all three cases and still maintain their counsel of choice.

Galecki has not shown actual prejudice from pre-indictment delay. First, the Government did not admit it arranged for simultaneous prosecutions for tactical advantage. Galecki relies on the following statements from the Government's opposition brief:

> It is in the government's purview to seek prosecution for each crime the defendants committed in multiple jurisdictions. Having to face trial and the seizure of assets for their crimes in the jurisdictions in which they committed those crimes is not undue prejudice for the defendants, it's a result of the defendants' own actions of manufacturing spice intended for human consumption and profiting significantly in that illicit operation.

ECF No. 228 at 11-12 (citing ECF No. 220 at 8). That statement is not an admission that the Government coordinated the prosecutions for the purpose of gaining a tactical advantage. Rather, the Government states that the defendants' alleged criminal conduct in three jurisdictions is what led to the prosecutions and forfeiture actions.

Galecki, Ritchie, and Eaton allegedly manufactured spice in Las Vegas between March and August 2012, Galecki and Ritchie allegedly distributed spice in Virginia from January 2012 through April 2015, and Galecki and Ritchie alleged engaged in mail and wire fraud from August 2012 through April 2013.[1] ECF Nos. 46, 113-1; *U.S. v. Ritchie*, 1:15-cr-00227-WS-C,

---

[1] Eaton is facing prosecution only in this jurisdiction, so this argument does not apply to him. Additionally, it does not appear that any of the property that is the subject of the civil forfeiture actions is alleged to be owned by Eaton. *See United States v. $177,844.68 in United States Currency*, 2:13-cv-00100-JCM-GWF, ECF No. 1; *United States v. $1,002,327.00 in*

6

ECF No. 1. The defendants allegedly committed these criminal acts in three different jurisdictions around the same general time frame. The fact that the prosecutions are also occurring in the same general time frame is the consequence of the defendants' alleged criminal conduct. Moreover, the defendants have not provided proof of actual prejudice resulting from the simultaneous prosecutions. The mere fact that they are facing multiple charges in multiple jurisdictions, without proof of Governmental delay for a tactical advantage and resulting actual prejudice, is insufficient.

The only potential prejudice Galecki identifies is that he has not been able to invoke his speedy trial rights in all three jurisdictions while still maintaining his counsel of choice. But Galecki does not have the same counsel in any of the cases. Eaton is charged in only this case, so this argument does not apply to him. The only defendant with the same counsel in all three cases is Ritchie, who failed to join the original motion. But the parties agreed this case is complex and that the defendants are joined for trial under the Speedy Trial Act, so all defendants are impacted by Ritchie's counsel's availability for all three cases. ECF Nos. 23 at 2.

Galecki has not shown actual prejudice. Galecki has not presented evidence that he attempted to assert his speedy trial rights in this case or that the many stipulations and motions to continue the trial in this case resulted from the simultaneous prosecutions. The first stipulation set the trial for October 2016 and coordinated it with the other two jurisdictions. ECF Nos. 22, 23, 24. In that stipulation, Galecki and Ritchie "agree[d] that additional time is absolutely necessary to guarantee their rights under the Sixth Amendment" to give their lawyers "additional time to investigate all potential defenses in this case, to conduct witness interviews and other trial

---

*United States Currency*, 2:13-cv-00947-JCM-GWF, ECF No. 1; *United States v. Real Property re: 260 E. Flamingo Rd. #205*, 2:15-cv-00350-APG-CWH, ECF No. 1.

preparation, and to otherwise effectively defend against the charges." ECF No. 23 at 8. The second stipulation was the result of the complex nature of the case, pending motions filed by the defendants, and the superseding indictment that created the need for additional time to investigate, file motions, and prepare for trial in this case. ECF Nos. 81, 83.

The third stipulation to continue the trial mentioned several reasons for the delay, including that (1) Eaton was discussing settlement with the Government, (2) Eaton's counsel was scheduled for trial in another matter, and (3) Ritchie was set for trial in Virginia which might impact his counsel's ability to file pretrial motions in this case. ECF Nos. 102, 106. Although the Virginia case was mentioned, it was not the only reason given, and Galecki presents no evidence that Eaton would not have requested a continuance regardless of the Virginia case, to which he is not a party.

Defendants Ritchie and Galecki then moved to continue the trial that was set for October 2017. ECF Nos. 125, 128. Ritchie wanted the transcript from the Virginia trial to support his double jeopardy motion in this case, witnesses who were fearful of prosecution would be able to testify if the trial were continued because they would no longer be subject to prosecution, and if I denied the double jeopardy motion, the defendants would have a right to take an interlocutory appeal to the Ninth Circuit. ECF No. 125. Galecki wanted more time because his then-counsel he needed to retain new counsel who would need time to prepare for trial. ECF No. 128. Eaton joined in the motions. ECF No. 131. I granted the defendants' motions. ECF No. 134. Galecki thereafter obtained new counsel. ECF No. 143.

The fourth stipulation was premised on the fact that Galecki and Ritchie had been convicted in Virginia and "all parties in the instant case believe that it would be the most efficient use of judicial resources for this trial to commence" after the appeal of the Virginia

conviction was resolved. ECF Nos. 168 at 2-3, 174 at 2-3. Thus, even though the trial in Virginia had concluded and the appeal briefing had been completed, the defendants agreed to a further delay of this trial.

A few months later, the defendants again moved to continue the trial. ECF No. 205. They argued that the Virginia court should first decide various evidentiary issues, including whether Dr. Berrier's testimony is material. *Id.* The Government opposed that motion, noting that the Virginia case involved a different substance and, in any event, this court would make its own evidentiary rulings. ECF No. 213. I granted the defendants' motion. ECF No. 225.

The defendants recently again moved to continue the trial. ECF No. 237. They sought to have issues fully resolved in the Virginia action before proceeding to trial in this case. *Id.* I granted that motion due to the pending motions in this case as well as conflicts in my schedule, specifically a lengthy murder case set for the same trial stack. ECF No. 241.

As detailed above, most of the continuances in this case would have been agreed to or sought by the defendants for reasons unrelated to the Virginia and Alabama actions. Although some of the stipulations and motions mention the Virginia case, it appears the defendants believe it is to their strategic advantage to have matters fully litigated in Virginia before the trial commences here, even though the decisions in that case are not binding on any ruling I must make in this case. Further, the defendants have tolled the speedy trial clock by filing numerous motions, including this one. Galecki has not shown actual prejudice from pre-indictment delay because he has not shown he has been unable to assert his speedy trial rights in this case as a result of the pending prosecutions in Virginia and Alabama.

/ / / /

/ / / /

### E. Summary

The Government brought these charges within the statutory limitation period, and Galecki has not met his "heavy burden" under the due process clause to establish with "definite and not speculative" proof "that a preindictment delay caused actual prejudice." *United States v. Sherlock*, 962 F.2d 1349, 1354 (9th Cir. 1989) (quotation omitted); *see also United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). I therefore overrule Galecki's objections, accept Magistrate Judge Leen's Report of Findings and Recommendation, and deny the motion to dismiss for pre-indictment delay.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Ryan Eaton's motion for joinder **(ECF No. 230) is GRANTED**.

IT IS FURTHER ORDERED that defendant Charles Ritchie's motion for joinder **(ECF No. 229) is DENIED**.

IT IS FURTHER ORDERED that defendant Benjamin Galecki's objections **(ECF No. 228) are overruled**, Magistrate Judge Leen's Report of Findings and Recommendation **(ECF No. 227) is accepted,** and defendant Benjamin Galecki's motion to dismiss **(ECF No. 207) is DENIED**.

DATED this 13th day of December, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

10