# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CHARLES BURTON RITCHIE, BENJAMIN GALECKI, and RYAN MATTHEW EATON,<br><br>Defendants | Case No.: 2:15-cr-00285-APG-PAL<br><br>**Order Accepting Report and Recommendation to Deny Motion to Dismiss**<br><br>**[ECF Nos. 171, 204, 208, 209, 212]** |

Defendant Benjamin Galecki moves to dismiss the charges against him. ECF No. 171. His motion is joined in part (Ground 2 only) by defendant Ryan Matthew Eaton and is joined in full by defendant Charles Burton Ritchie. ECF Nos. 173, 177. The defendants argue for dismissal on five grounds: (1) that the current prosecution in Nevada constitutes double jeopardy; (2) that the Government relies upon an unconstitutional application of the Analogue Act; (3) that the Government fails to state a mail or wire fraud offense; (4) that the Government fails to establish the continuing criminal enterprise five person requirement; and (5) that, based on the arguments in Ground 2, the financial and money laundering counts should also be dismissed.

Magistrate Judge Leen recommended denial of the motion. ECF No. 204. Galecki objected to that recommendation (which Ritchie joined) and the Government responded. ECF Nos. 208, 209, 219. Pursuant to Local Rule IB 3-2, I have conducted a de novo review of the issues set forth in Judge Leen's report and recommendation to which the defendants have objected. The parties are familiar with the relevant facts and procedural status of the case. I therefore will not repeat those here, except where necessary. Judge Leen's Report of Findings

and Recommendation sets forth the proper legal analysis and factual bases for the decision, so I accept and adopt it.

# I. ANALYSIS

### A. Ground One

Galecki argues that counts 20 through 26 (at a minimum, counts 20 and 22) should be dismissed because of double jeopardy concerns. The defendants are charged in Virginia, Alabama, and Nevada, and they argue that these separate prosecutions are based on the same overarching conspiracy.

Ritchie previously moved to dismiss based on these same arguments and very similar facts. ECF No. 111. Judge Leen determined that there were no double jeopardy violations and recommended that Ritchie's motion be denied. ECF No. 116. I agreed and denied the motion to dismiss. ECF No. 196.

Around that same time, Galecki filed the present motion to dismiss, which included the double jeopardy argument. ECF No. 171. In his reply, Galecki asked Judge Leen to reconsider the prior ruling against double jeopardy, based on new information gleaned from the Alabama and Virginia cases. ECF No. 201 at 7. Judge Leen declined to reconsider, finding that the "motion does not provide a meritorious reason to reconsider [her] prior decision." ECF No. 204 at 8.

Galecki now objects that Judge Leen misconstrued his motion to dismiss as simply a request for reconsideration of Ritchie's initial motion. ECF No. 208 at 7. He contends that the transcripts of the Virginia case show that the charges are multiplicitous and constitute double jeopardy. *Id*. The Government responds that Galecki's objection fails to provide "specific written objections with supporting points and authorities" in accordance with Local Rule IB 3-

2(a), and that the additional information from the Virginia case does not impact the court's analysis sufficient to warrant relitigation of the double jeopardy issue. ECF No. 219 at 5-8.

Judge Leen correctly concluded that Galecki's motion does not warrant reconsideration of the double jeopardy issue. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. IJ, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). Although Galecki's motion raises some new information relevant to the double jeopardy determination, that new information does not warrant reconsideration.

Even if I were to find that reconsideration is appropriate, the new information does not alter the outcome under the five-factor *Arnold* analysis, which is the proper test for evaluating double jeopardy claims involving multiple conspiracy charges alleged under the same statute. *Arnold v. United States*, 336 F.2d 347 (9th Cir. 1964). The *Arnold* test requires a consideration of "(1) the differences in the periods of time covered by the alleged conspiracies; (2) the places where the conspiracies were alleged to occur; (3) the persons charged as coconspirators; (4) the overt acts alleged to have been committed; and (5) the statutes alleged to have been violated." *United States v. Ziskin*, 360 F.3d 934, 944 (9th Cir. 2003) (quoting *United States v. Montgomery*, 150 F.3d 983, 990 (9th Cir. 1998)). "The defendant bears the burden of showing that the two conspiracies charged actually arise from a single agreement." *Id*. at 943 (citing *Montgomery*, 150 F.3d at 990).

I previously accepted, and see no basis to reconsider, Judge Leen's original recommendation, which covered most of the facts and arguments presented in Galecki's motion. As a result, I briefly address only the new facts Galecki presents.

Although there is some indication that the time periods of the Nevada and Virginia conspiracies may overlap somewhat, any connection is not substantial. The language occasionally used in the Virginia case—such as, "in the Eastern District of Virginia and elsewhere" (count one of the Virginia indictment) and "this defendant sold spice all over the United States" (ECF 171-14, at 11)—does not sufficiently indicate that the Virginia charges encompassed the conduct alleged in the Nevada case. Furthermore, other than defendants Galecki and Ritchie, the Nevada and Virginia indictments charge different persons as co-conspirators who participated in distinct overt acts—distribution in Virginia and manufacture in Nevada. Finally, while counts 20 through 24 and 26 in the Nevada indictment and some counts in the Virginia indictment involve 21 U.S.C. § 841, the former invoke § 841's manufacturing language whereas the latter invokes § 841's distribution language. As Judge Leen and I previously determined in our analyses of the first motion to dismiss, the totality of the five factors in the *Arnold* analysis supports separate conspiracies. Therefore, there is no double jeopardy violation.[1] *See United States v. Ingman,* 541 F.2d 1329, 1331 (9th Cir. 1976) (per curiam) (finding that under double jeopardy considerations, "[t]he fact that there is some interrelationship between conspiracies does not necessarily make them the same criminal enterprise").

/ / / /

/ / / /

/ / / /

---

[1] Because there were two separate conspiracies, there is also no multiplicity either within the Nevada indictment or between the Nevada and Virginia. "An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime. . . ." *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005).

### B. Grounds Two, Three, Four, and Five

As to grounds B through E of Galecki's objection,[2] I have conducted a de novo review of the issues set forth in the report and recommendation as required under Local Rule IB 3-2. Judge Leen's Report of Findings and Recommendation sets forth the proper legal analysis and factual bases for the decision, and I adopt it as my own. I overrule Galecki's objection.

## II. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motions to join in Galecki's objections **(ECF Nos. 209, 212) are GRANTED.**

IT IS FURTHER ORDERED that defendant Benjamin Galecki's objection **(ECF No. 208) is overruled**, Magistrate Judge Leen's Report of Findings and Recommendation **(ECF No. 204) is accepted,** and Galecki's motion to dismiss **(ECF No. 171) is DENIED**.

DATED this 13th day of December, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] These grounds address the Analogue Act; the mail fraud, wire fraud, and conspiracy counts; the continuing criminal enterprise count; and the money laundering count.