|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | UNITED STATES OF AMERICA, | Case No.: 2:15-cr-00285-APG-PAL |
| 4 | Plaintiff | **Order (1) Denying Motion for Pretrial Evidentiary Hearing, and (2) Granting Motion to Exclude Expert Testimony of Hail** |
| 5 | v. | |
| 6 | CHARLES BURTON RITCHIE, BENJAMIN GALECKI, and RYAN MATTHEW EATON, | |
| 7 | | **[ECF Nos. 153, 156, 166]** |
| 8 | Defendants | |

Defendant Benjamin Galecki moves for a pretrial hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) to address six of the witnesses the government intends to call as experts at trial: Michael L. Van Linn, Jordan Trecki, Kari Bowen, Scott Albrecht, Stephen G. Lawrence, and Gregory W. Endres. ECF No. 153.  He also seeks to exclude the expert testimony of Stacey Hail, based on one of my prior orders.  Galecki's motion is joined by defendants Ryan Matthew Eaton and Charles Burton Ritchie. ECF Nos. 156, 166. The government responds that Galecki's motion does not raise issues that warrant a *Daubert* hearing. ECF No. 221.  I agree.

## I. DAUBERT HEARING

Galecki contends that a *Daubert* hearing is necessary to "determine whether the expert[s'] testimony 'both rests on a reliable foundation and is relevant to the task at hand' and whether the expert is qualified." ECF No. 153 at 8 (quoting *Daubert*, 509 U.S. at 597).  He argues that, due to the complex nature of controlled substance analogues, I should hold a pre-trial *Daubert* hearing before I determine that the government's proffered experts are deemed reliable.

ECF No. 153 at 11. Galecki cites a case from the Eastern District of Wisconsin in which that court concluded that the "overwhelming weight of opinion in the scientific community is that the chemical structures of UR-144 and XLR-11 are not substantively similar to the structure of JWH-018." *The Smoke Shop, LLC v. United States*, 949 F. Supp. 2d at 877 (E.D. Wis. 2013). Because the government's experts in the present case reached the opposite conclusion from the judge in *Smoke Shop*, Galecki argues that the methodologies of the government's experts are inherently unreliable under *Daubert*. ECF No. 153 at 11.

Galecki also argues that a *Daubert* hearing is warranted because (1) Van Linn, Bowen, Albrecht, and Lawrence have not published in the area of chemical analogues; (2) it is not clear what scientific literature Van Linn and Trecki relied on in making their determinations; (3) Bowen appears to be testifying as both an expert and a fact witness; (4) Lawrence is a CEO, not a scientific expert; and (5) it is not clear whether Endres or someone else in his company will testify.

The government responds that *Daubert* hearings are concerned with an expert's methodology, not the witness's conclusions or qualifications, and that the issues raised by Galecki concern either conclusions regarding drug analogues or the witnesses' expertise and background. ECF No. 221. The government also points to its supplemental expert notice, which was timely filed after Galecki's motion and includes additional information regarding the qualifications and bases for Endres's and Trecki's opinions. ECF No. 210. Responding specifically to Galecki's reliance on *Smoke Shop*, the government cites to *United States v. Riley et al.*, 2:12-CR-478-JAD-VCF, ECF No. 183 at 10 (D. Nev. Feb. 7, 2014), where Magistrate Judge Ferenbach disagree with the scientific pronouncement in *Smoke Shop* because it lacked academic references or reasoning.

Expert witness testimony is governed by Federal Rule of Evidence 702, which states,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

An inquiry as to the admissibility of the expert's testimony is necessarily "a 'preliminary' one, to be made 'at the outset,'" but "this does not mean that it must be made in a separate, pretrial hearing . . . ." *United States v. Alatorre*, 222 F.3d 1098, 1102 (9th Cir. 2000) (quoting *Daubert*, 509 U.S. at 592). "[T]he Supreme Court" has not "mandate[d] the form that the inquiry into relevance and reliability must take . . . ." *Id*. at 1102.

The fact that a person has not published a book or article does not exclude her from testifying as an expert. A witness such as Lawrence need not be a "scientific expert" to testify as an expert witness, so long as he has "technical or other specialized knowledge" and is otherwise qualified under Rule 702. And a witness may testify as both an expert and a percipient witness, so long as the jury is properly instructed how to consider the testimony. *See* Ninth Circuit Model Criminal Jury Instruction 4.15.

A *Daubert* hearing is not necessary at this juncture. The determination in *Smoke Shop* is not convincing evidence that the witnesses' conclusions in this case are so contrary to the scientific consensus that their methodologies would not be admissible. Likewise, when considering the recent supplements filed by the government, the experts' qualifications are

3

sufficient such that Galecki's concerns would be best addressed through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof," which "are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. To the extent that the defendants feel that the government's expert disclosures do not satisfy Federal Rule of Criminal Procedure 16(a)(1)(G), they may file a motion in limine. The motion for a *Daubert* hearing is denied at this time.

## II. EXPERT WITNESS HAIL

Galecki also seeks to exclude the expert testimony of Stacey Hail, who would "opine as to the cause of death for Karl LaDue . . . ." ECF No. 89 at 4. I previously excluded evidence relating to LaDue's death. ECF No. 109. The government does not respond to Galecki's motion regarding Hail. Because Hail's expert report (ECF No. 89-1) relates only to LaDue's death, which may not be admitted at trial, I grant Galecki's motion to exclude Hail from testifying.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' joinders to the motion for pretrial evidentiary hearing **(ECF Nos. 156, 166) are GRANTED.**

IT IS FURTHER ORDERED that Galecki's motion for pretrial evidentiary hearing **(ECF No. 153) is GRANTED in part.** His motion to exclude the expert testimony of Hail is granted. The remainder of the motion is denied.

DATED this 13th day of December, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE