# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

CHARLES BURTON RITCHIE,
BENJAMIN GALECKI,
RYAN MATTHEW EATON,

    Defendants.

Case No.: 2:15-CR-0285-APG-GWF

**ORDER REGARDING SCOPE OF FORFEITURE**

    Defendants Charles Burton Ritchie and Benjamin Galecki were convicted of 24 counts, including Continuing Criminal Enterprise, Money Laundering, Mail and Wire Fraud, crimes related to controlled substance analogues, and various conspiracy charges. ECF No. 439. The Government now seeks forfeiture of cash and properties. The forfeiture hearing is scheduled for July 8, 2019. As guidance for the parties for that hearing, I offer the following.

    The Government may seek forfeiture of "any property obtained by the defendant[s] directly or indirectly as a result of the commission of a mail fraud or wire fraud offense." *United States v. Lo*, 839 F.3d 777, 793 (9th Cir. 2016). This includes proceeds traceable to the fraud schemes.

    Because the defendants were also convicted of money laundering, they shall "forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1). *See United States v. Adams*, 189 F. App'x 600, 602 (9th Cir. 2006). "A criminal defendant, however, may be ordered to forfeit only property purchased with proceeds from the crimes 'for which [he] was *convicted.*'" *Id.* (citation omitted) (emphasis in original). Thus, proceeds of activities that pre-date the crimes of conviction may

not be forfeited unless they were "involved in" or facilitated the crimes of conviction. 18 U.S.C. § 982(a)(1). "Property involved in an offense include[s] the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and *any property used to facilitate the laundering offense. . . .* Facilitation occurs when the property makes the prohibited conduct "less difficult or more or less free from obstruction or hindrance." *United States v. Bornfield*, 145 F.3d 1123, 1135–36 (10th Cir. 1998) (citations and internal quotes omitted) (emphasis in original).

During the July 3, 2019 hearing, the parties discussed whether the entirety of the defendants' bank accounts may be forfeited if tainted funds were commingled with non-tainted funds. In *Bornfield*, the Tenth Circuit held that

> the mere pooling or commingling of tainted and untainted funds in an account does not, without more, render the entire contents of the account subject to forfeiture. . . . However, forfeiture of legitimate and illegitimate funds commingled in an account is proper as long as the government demonstrates that the defendant pooled the funds to facilitate, i.e., disguise the nature and source of, his scheme.

*Id.* at 1134–35 (citation omitted). *See also*, *United States v. Baker*, 227 F.3d 955, 970, n.4 (7th Cir. 2000) ("[E]ven legitimate funds that are commingled with illegitimate funds can be forfeited if the legitimate funds were somehow involved in the offense, such as by helping to conceal the illegal funds.") (citation omitted).

The Seventh Circuit has held that it is improper to forfeit the entire contents of a bank account just because tainted funds were deposited into it.

> That the "account" had been "involved" in the fraud would be irrelevant; the government confiscates the *funds,* not the account. Recall that § 981 authorizes forfeiture of "[a]ny *property* ... involved in a transaction or attempted transaction in violation of ... section 1956" (emphasis added). An "account" is a name, a routing device like the address of a building; the money is the "property." Once we distinguish the money from its container, it also follows that the presence of

> one illegal dollar in an account does not taint the rest—as if the dollar obtained from fraud were like a drop of ink falling into a glass of water.

*United States v. $448,342.85*, 969 F.2d 474, 476-77 (7th Cir. 1992) (emphasis in original). That court went on to state that "[m]oney need not be derived from crime to be 'involved' in it [if it] is used as the bankroll facilitating the fraud." *Id.*

Thus, with regard to the bank accounts, the Government must trace proceeds of the criminal activity to the seized accounts, or prove that the funds in the accounts were used to facilitate the crimes of conviction. The Government may present evidence regarding the use of funds before the March 2012 beginning of the conspiracy (*see* ECF No. 56 at ¶¶ 25, 27, 36, 45) so long as it can prove those funds facilitated the crimes of conviction. To the extent there is a dispute about the amount of tainted funds in the account compared to non-tainted funds, the defendants must supply proof of the amounts traceable to legitimate activities. *See United States v. $448,342.85*, 969 F.2d at 477 ("Probable cause to believe that the proceeds of the fraud exceed the balance of the account at the time of seizure justifies calling on the claimant to identify sums derived from lawful activities.").

DATED this 5th day of July, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE