# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:15-CR-0285-APG-EJY |
|---|---|
| Plaintiff, | **Order Denying Motion for New Trial** |
| v. | [ECF Nos. 450, 461] |
| CHARLES BURTON RITCHIE, BENJAMIN GALECKI, | |
| Defendants. | |

Defendants Charles Burton Ritchie and Benjamin Galecki were convicted of several charges after a jury trial. Galecki now moves for a new trial. ECF No. 450. Ritchie filed a motion to join in Galecki's motion. ECF No. 461.[1]

Federal Rule of Criminal Procedure 33 allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." "A motion for a new trial is directed to the discretion of the district judge. It should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotation marks omitted).

The defendants raise a number of issues they believe warrant a new trial. The only one that comes close to meeting the *Pimentel* standard is the argument that the Government did not prove the Continuing Criminal Enterprise count because the defendants' actions were not taken "in concert with five or more other persons." ECF No. 450 at 9-14.

---

[1] Ritchie filed one motion for joinder, requesting permission "to join Defendant Galecki's Motion to Set Aside the Verdict, ECF # 450." ECF No. 461. It is unclear whether Ritchie is referring to Galecki's motion for a new trial (ECF No. 450) or his motion for judgment of acquittal (ECF No. 451). Out of an abundance of caution, I presume Ritchie intends to join both motions, and I grant that request.

The Government concedes that the "Supreme Court [has] held that the phrase 'in concert' is akin to a mutual agreement necessary to support a conspiracy conviction." ECF No. 453 at 10:3-5 (citing *Rutledge v. United States*, 517 U.S. 292, 300 (1996)). *See also United States v. Grovo*, 826 F.3d 1207, 1214 (9th Cir. 2016) ("The Supreme Court has recognized that 'the plain meaning of the phrase "in concert" signifies mutual agreement in a common plan or enterprise,' and requires the same *mens rea* as a conspiracy charge.") (quoting *Rutledge*).

The evidence at trial showed that at least six people could satisfy this requirement: salespeople Rachel Templeman and Ray Dupree, Corey Finch (who worked in various areas throughout the operation and taught defendant Ryan Eaton how to manufacture spice), Robert Biggerstaff (who worked at Zencense and shadowed defendant Ritchie), Jim Vail (who worked in manufacturing for Zencense),[2] and Diana Duty (who interviewed Finch and taught him the proper code words to use for the ingredients in the manufacturing process).[3] Co-defendant Ryan Eaton also might be counted because he conducted the Las Vegas spice manufacturing operation at the direction of Galecki and Ritchie.[4]

Reviewing the evidence under the *Pimentel* standard, I must deny the motion for a new trial. The Government presented sufficient evidence for the jury to find that the defendants

---

[2] *See* Trial Transcript of June 21, 2019 (testimony of Corey Finch).

[3] *See* Trial Transcript of June 21, 2019 (testimony of Corey Finch).

[4] The parties disagree whether Eaton can be counted because he was acquitted of all charges in this case. The circuits are split on whether an acquitted co-defendant can be included. The defendants cite to *United States v Ward*, which held that "a co-defendant may not be included as one of the 'supervisees' if she has been acquitted of conspiracy." 37 F.3d 243, 249-250 (6th Cir. 1994). The Government relies on *United States v. Heater*, which held that "[n]othing in [21 U.S.C. § 848(c)] suggests that the five people working under the accused's supervision must be convicted of an underlying conspiracy charge in order to be counted for § 848 purposes." 63 F.3d 311, 317 (4th Cir. 1995). The Ninth Circuit has not ruled on this issue. Given that there are at least five other people who satisfy this requirement, I do not need to decide this issue.

committed their violations "in concert with five or more other persons" that the defendants supervised or managed. 12 U.S.C. § 848(c). At a minimum, this is not an "exceptional case[] in which the evidence preponderates heavily against the verdict." *Pimentel*, 654 F.2d at 545.

I have considered the other arguments and issues raised by the defendants in the motion, and none of them justifies granting a new trial.[5]

I ORDER that defendant Galecki's motion for new trial (**ECF No. 450) is denied.**

I FURTHER ORDER that defendant Ritchie's motion for joinder (**ECF No. 461) is granted.**

DATED this 22nd day of November, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[5] The defendants also raise some of these other arguments in their motion for judgment of acquittal (ECF No. 451), which I rejected in an order filed contemporaneously herewith. I incorporate that order here.