# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES BURTON RITCHIE,
BENJAMIN GALECKI,

    Defendants.

Case No.: 2:15-CR-0285-APG-EJY

**Order Denying Renewed Motion for Judgment of Acquittal**

[ECF Nos. 451, 461]

At the conclusion of the Government's case during the trial, the defendants orally moved for judgment of acquittal under Federal Rule of Criminal Procedure 29. I denied the motion and the defendants were convicted of most of the counts. Defendant Benjamin Galecki then filed a renewed motion for judgment of acquittal. ECF No. 451. Defendant Charles Burton Ritchie filed a motion to join in Galecki's motion. ECF No. 461.[1]

In ruling on a Rule 29 motion, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). "The government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or rule out every hypothesis except that of guilt beyond a reasonable doubt." *U.S. v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (citation and internal quotation marks omitted). However, "evidence is

---

[1] Ritchie filed one motion for joinder, requesting permission "to join Defendant Galecki's Motion to Set Aside the Verdict, ECF # 450." ECF No. 461. It is unclear whether Ritchie is referring to Galecki's motion for a new trial (ECF No. 450) or his motion for judgment of acquittal (ECF No. 451). Out of an abundance of caution, I presume Ritchie intends to join both motions, and I grant that request.

insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case, or where there is a total failure of proof of a requisite element." *Id.* at 1167.

The defendants raise a number of issues they believe warrant acquittal. The only one that comes close to meeting the applicable standard is the argument that they cannot be convicted on any of the fraud charges (Counts 9 through 19) because there were no victims who detrimentally relied on any material misrepresentations. ECF No. 451 at 5. The argument has some facial appeal, as it is likely that anyone who purchased the defendants' synthetic cannabinoid products believed they were made for human consumption (and used them as such) despite the warning on the packages that they were not for human consumption.

But the defendants' argument is based on the incorrect assumption that the Government must prove that a victim reasonably relied on the defendants' misrepresentations and suffered damages as a result. That is not the case because the mail and wire fraud statutes are different than a common-law fraud claim.

> [T]he fraud statutes did not incorporate all the elements of common-law fraud. The common-law requirements of "justifiable reliance" and "damages," for example, plainly have no place in the federal fraud statutes. *See, e.g., United States v. Stewart*, 872 F.2d 957, 960 (C.A.10 1989) ("[Under the mail fraud statute,] the government does not have to prove actual reliance upon the defendant's misrepresentations."); *United States v. Rowe*, 56 F.2d 747, 749 (C.A.2 1932) (L. Hand, J.) ("Civilly of course the [mail fraud statute] would fail without proof of damage, but that has no application to criminal liability."), cert. denied, 286 U.S. 554, 52 S.Ct. 579, 76 L.Ed. 1289 (1932). By prohibiting the "scheme to defraud," rather than the completed fraud, the elements of reliance and damage would clearly be inconsistent with the statutes Congress enacted.

*Neder v. United States*, 527 U.S. 1, 24–25 (1999). While proof of the crimes requires that the defendants' false statement must be material, "[t]his standard is not concerned with a statement's subjective effect on the victim, but only the intrinsic capabilities of the false statement itself. . . .

2

For this reason [the Ninth Circuit has] held that misrepresentation may be material without inducing any actual reliance." *United States v. Lindsey*, 850 F.3d 1009, 1015 (9th Cir. 2017) (internal quotations omitted). Thus, even if the Government did not prove that anyone relied on the defendants' misrepresentations, that does not result in an acquittal.

At the close of the trial, the jury was instructed on the mail fraud charges as follows:

> Mr. Ritchie and Mr. Galecki are charged in Counts Ten, Eleven, Twelve, and Thirteen of the Superseding Indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code. For you to find a defendant guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> **First**, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;
>
> **Second**, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;
>
> **Third**, Mr. Ritchie and Mr. Galecki acted with the intent to defraud; that is, the intent to deceive or cheat; and
>
> **Fourth**, Mr. Ritchie and Mr. Galecki used, or caused to be used, the mail to carry out or attempt to carry out an essential part of the scheme.
>
> In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.
>
> . . . .

ECF No. 448 at 36.[2] The jury could find that there was sufficient evidence to prove each of these elements beyond a reasonable doubt. The defendants set up a plan to obtain money by

---

[2] The jury instruction for the wire fraud charges (Counts Fifteen through Nineteen) was nearly identical, changing only the references to "the mail" to "an interstate wire communication." *See* ECF No. 448 at 39. The two related conspiracy charges (Counts Nine and Fourteen) used similar language. *Id.* at 34, 37.

3

false representations about their products. They misrepresented what their products were ("potpourri" or "herbal incense" instead of synthetic cannabinoid, also known as "spice"), that their products were legal, and that the products were "not for human consumption." They did this in an attempt to skirt the relevant rules and statutes.

Zencense saleswoman Rachel Templeman testified that she had been instructed to not refer to the product as "spice" but as "potpourri" or "herbal incense." *See* Trial transcript of June 20, 2019 (Rachel Templeman testifying). The prepared script she used when speaking with customers shows that the word "spice" was crossed out and she was to instead say "potpourri." *Id. See also* Trial Exhibit 59 (script). Templeman was to tell the customer "We carry a couple of brands of spice [to be replaced by "potpourri"] product. Are you currently carrying anything like that?" Trial Exh. 59. If the customer was not familiar with the product, she was to educate them as follows:

**EDUCATION**

> Spice ["potpourri"] is a great new product that is becoming very popular. It's an herbal incense blend that you burn. Do you sell pipes?

**IF YES**

> You know how pipes are for tobacco use only? Well, spice is not for human consumption.

**IF NO**

> What kind of stuff do you sell then? <*Most likely this will not be a potential customer. If they are not the kind of store we want to sell to, End call, mark "Not Interested," explain in notes, and mark for deletion.*>

*Id.* at 6. She also was instructed to represent that the products were legal:

4

**IF CONCERN IS LEGAL**

> In our type of business we always need to be aware of what is going on with the laws. I can tell you right now that this is legal in your state or I wouldn't be calling you. We keep track of all that stuff here and, believe me, if there is a change in status we will be the first to let you know.
>
> <Build rapport over a common enemy. Once they are comfortable, continue.>

**IF CONCERN IS ETHICAL**

> <Challenging someone's ethics can head downhill very fast and there are other places out there that do sell it. End call congenially, explain in notes exactly what happened, mark "Not Interested," and mark for deletion.>

*Id.* at 4. A rational trier of fact could find that the defendants were not selling potpourri or herbal incense, that they were selling spice intended to be smoked by the end user, and that their false representations were capable of influencing customers to part with their money. 18 U.S.C. § 1341.[3] "[V]iewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the [fraud charges] beyond a reasonable doubt." *Alarcon-Simi*, 300 F.3d at 1176.

I have considered the other arguments and issues the defendants raise in the motion, and none of them is sufficient to justify entry of a judgment of acquittal.[4] The Government presented sufficient evidence at trial to allow a rational trier of fact to find each essential element of each of

---

[3] Even if reliance is required, Lindsey Schultz testified that she relied on the "does not contain" reports Zencense sent her in connection with the product she ordered to "believe[] everything was legal." *See* Trial transcript of June 19, 2019 (Lindsey Schultz testifying).

[4] The defendants also raise some of these other arguments in their motion for a new trial (ECF No. 450), which I rejected in an order filed contemporaneously herewith. I incorporate that order here.

5

the charged crimes beyond a reasonable doubt.  Reviewing the evidence under this standard, I must deny the motion.

I ORDER that defendant Galecki's motion for judgment of acquittal **(ECF No. 451) is denied.**

I FURTHER ORDER that defendant Ritchie's motion for joinder **(ECF No. 461) is granted.**

DATED this 22nd day of November, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE