**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BURTON RITCHIE,<br>BENJAMIN GALECKI,<br><br>Defendants. | Case No.: 2:15-cr-0285-APG-EJY<br><br>**Order Denying Motion for New Trial**<br><br>[ECF Nos. 546, 552] |

The defendants move for a new trial under Federal Rule of Criminal Procedure 33. ECF Nos. 546, 552. They rely upon the Ninth Circuit's recent decision in *United States v. Miller*, in which that court held it was improper to instruct a jury that "to be guilty of wire fraud, a defendant must have acted with the intent to 'deceive *or* cheat.'" 953 F.3d 1095, 1101-1103 (9th Cir. 2020) (emphasis in original). Because I used a similar instruction in this case, the defendants argue they are entitled to a new trial.

A motion for new trial based on newly discovered evidence must be filed within three years of the verdict. Fed. R. Crim. P. 33(b)(1). A motion based on any other reason must be brought within 14 days of the verdict. Fed. R. Crim. P. 33(b)(2). The jury rendered its verdict in this case on July 3, 2019, so the defendants' motion is time-barred unless the *Miller* case is deemed newly discovered evidence. The Ninth Circuit has held that "a change in the law does not constitute newly discovered evidence for purposes of Rule 33." *United States v. King*, 735 F.3d 1098, 1108–09 (9th Cir. 2013) (citing *United States v. Shelton*, 459 F.2d 1005, 1006–07 (9th Cir. 1972)). Thus, even if *Miller* would suggest that the defendants are entitled to a new trial (an issue I do not reach), I cannot grant them a new trial under Rule 33.

I THEREFORE ORDER that the defendants' motion for new trial **(ECF Nos. 546, 552)** **is denied.**

DATED this 21st day of July, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE