# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BURTON RITCHIE,<br>BENJAMIN GALECKI,<br><br>Defendants. | Case No.: 2:15-cr-0285-APG-EJY<br><br>**Order Granting Motions to Stay Execution of Forfeiture**<br><br>[ECF Nos. 553, 565, 566] |

I previously entered a preliminary order of forfeiture covering cash, a brokerage account, a 2011 van, and a condominium belonging to the defendants. ECF No. 455. The defendants move to stay execution of the order of forfeiture pending their appeals. ECF Nos. 553, 565, 566. Based on the relevant factors, I grant the motions.

"If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." Fed. R. Crim. P. 32.2(d).  In exercising their discretion to stay forfeiture orders, judges generally consider the following factors: (1) the likelihood of success on appeal, (2) whether the forfeited asset will likely depreciate over time, (3) the forfeited asset's intrinsic value to the Defendant (and the availability of substitutes), and (4) the expense of maintaining the forfeited property. *United States v. Riedl*, 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001).

The defendants are not likely to succeed on their appeals of issues I have addressed. However, they can present several interesting issues to the Ninth Circuit, including the applicability of the Controlled Substances Act and whether the cell phone search at the border was legal. *See*, *e.g.*, *United States v. Cano*, 934 F.3d 1002, 1016 (9th Cir. 2019) (holding, as a

matter of first impression, that "manual searches of cell phones at the border are reasonable without individualized suspicion, whereas the forensic examination of a cell phone requires a showing of reasonable suspicion").

The 2011 Chevrolet van will depreciate over time, but neither side offers any evidence as to how much it has already depreciated and how that will continue during the appeals. I surmise that a nearly 10-year-old van has already lost most of its value. Defendant Ritchie argues that the condominium's value has risen since it was seized over eight years ago (ECF No. 566 at 2-3), while the Government is fearful that the present COVID-19 pandemic will cause property prices to plummet (ECF No. 569 at 6). Housing prices in the Las Vegas market have recently rebounded.[1] While it is unclear what the residential real estate market will do during the few years this case is on appeal, the pandemic should recede during that time and, in the long-term, the condominium should hold or rise in value.

Ritchie admits that none of the subject items "has any unique value to either Defendant." ECF No. 566 at 3. Defendant Galecki argues that "the intrinsic value of the property is that but for the conviction in this case, the property would remain as Mr. Galecki's property." ECF No. 564 at 4. But that reasoning would apply in every criminal forfeiture case, rendering this factor illusory. Cash is fungible, and the defendants have not pointed to anything special about the van or condominium.

There is no expense to maintain or store money. With regard to the van and condominium, the Government offers no evidence of the amount it will incur to store and maintain those items. *See* ECF No. 569 at 8. Thus, I must presume the expenses are negligible.

---

[1] https://www.reviewjournal.com/business/housing/las-vegas-home-prices-set-record-in-june-as-sales-rebound-2069092/ (last visited 8/10/2020).

The balance of these factors favors the defendants.  Thus, I will stay execution of the forfeiture pending the appeals.

I THEREFORE ORDER that the defendants' motions **(ECF Nos. 553, 565, 66) are granted.**  The Government shall proceed no further with forfeiture until further order of this court.  The Government may maintain the status quo of any assets under its control.

DATED this 18th day of August, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE