**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES BURTON RITCHIE,<br>a/k/a/ Burton Ritchie, and<br>BENJAMIN GALECKI,<br>a/k/a Zencense Ben,<br><br>　　　　Defendants. | 2:15-CR-285-APG-EJY<br><br>**Amended Preliminary Order of Forfeiture** |

　　　　This Court finds Charles Burton Ritchie, a/k/a/ Burton Ritchie, and Benjamin Galecki, a/k/a Zencense Ben, were found guilty of Counts 1-19 and 22-26 of a 26-Count Superseding Indictment charging them in Count 1 with continuing criminal enterprise in violation of 21 U.S.C. §§ 841(a)(1), 856(a)(1), and 848; in Count 2 with conspiracy to engage in financial transactions to promote unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 1956(h); in Count 3 with conspiracy to transport funds to promote unlawful activity in violation of 18 U.S.C. § 1956(a)(2)(A) and 1956(h); in Counts 4-7 with transporting funds to promote unlawful activity in violation of 18 U.S.C. §§ 2 and 1956(a)(2)(A) 18 U.S.C.; in Count 8 with conspiracy to launder money instruments in violation of 18 U.S.C. §§ 1957 and 1956(h); in Count 9 with conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 1349; in Counts 10-13 with mail fraud in violation of 18 U.S.C. §§ 2 and 1341; in Count 14 with conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349; in Counts 15-19 with wire fraud in violation of 18 U.S.C. §§ 2 and 1343; in Count 22 with conspiracy to manufacture, possess with intent to

distribute, and distribute a controlled substance analogue to the extent intended for human consumption in violation of 21 U.S.C. §§ 841(a)(1) and 846; in Count 23 with manufacture a controlled substance analogue to the extent intended for human consumption in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); in Count 24 with distribution of a controlled substance analogue in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); in Count 25 with maintaining a drug involved premises in violation of 18 U.S.C. § 2 and 21 U.S.C. § 856(a)(1); and in Count 26 with possession of a listed chemical with the intent to manufacture a controlled substance analogue intended for human consumption in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(c). Superseding Indictment, ECF No. 56; Minutes of Jury Verdict, ECF No. 439; Jury Trial, ECF No. 442.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Amended Bill of Particulars and the Forfeiture Allegations of the Superseding Indictment and the offenses to which Charles Burton Ritchie, a/k/a/ Burton Ritchie, and Benjamin Galecki, a/k/a Zencense Ben, were found guilty. Superseding Indictment, ECF No. 56; Amended Bill of Particulars, ECF No. 259; Minutes of Jury Trial, ECF No. 442; Jury Verdict, ECF No. 439.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. § 848, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(C), or a conspiracy to commit such offense; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. §§ 841(a)(1), 841(c), and 856(a)(1), specified unlawful activities as defined in 18 U.S.C. § 1956(c)(7)(A) and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offenses; (3) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1), 841(c), 856(a)(1), 846, and 848; (4) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of 21 U.S.C. §§ 841(a)(1), 841(c), 856(a)(1), 846, and 848; (5) any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, 21 U.S.C. § 848; (6)

all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1), 841(c), 856(a)(1), 846, and 848, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1), 841(c), 856(a)(1), 846, and 848; (7) all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of 21 U.S.C. §§ 841(a)(1), 841(c), 856(a)(1), 846, and 848; (8) any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A), 1957, and 1956(h), or any property traceable to such property; (9) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A), and 1957, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1956(h), conspiracy to commit such offenses; (10) any property, real or personal, involved in violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A), 1957, and 1956(h), or any property traceable to such property; (11) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1343, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1349, conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(a)(3); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(7) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c):

1. $75,082.76 of $1,002,327.00 in United States Currency;
2. $46,173.56 in United States Currency;
3. a 2011 Chevrolet 3500 Express Van, VIN: 1GB3G3CG9B1113885;

    4. $294,151 of $296,746.66 in United States Currency;

    5. $177,844.68 in United States Currency;

    6. The real property known as 260 East Flamingo Road, Unit No. 205 [also known as Unit No. 233], Las Vegas, Nevada 89169 more particularly described as:

PARCEL I:

UNIT TWO HUNDRED THIRTY-THREE (233) ("UNIT") IN BUILDING FOUR (4) ("BUILDING") AS SHOWN ON THE FINAL PLAT OF THE MERIDIAN AT HUGHES CENTER, FILED IN BOOK 49 OF PLATS, PAGE 40, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA ("PLAT"), AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE MERIDIAN AT HUGHES CENTER, RECORDED JUNE 1, 2005 AS INSTRUMENT NO. 0001551 IN BOOK 20050601 OFFICIAL RECORDS, CLARK COUNTY NEVADA ("THE MERIDIAN AT HUGHES CENTER DECLARATION")

PARCEL II:

TOGETHER WITH AN UNDIVIDED ALLOCATED FRACTIONAL INTEREST IN AND TO THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

PARCEL III:

TOGETHER WITH AN EXCLUSIVE INTEREST IN AND TO THOSE LIMITED COMMON ELEMENTS, IF ANY, APPURTENANT TO THE UNIT, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

PARCEL IV:

TOGETHER WITH A NON-EXCLUSIVE EASEMENT OF REASONABLE INGRESS TO AND EGRESS FROM THE UNIT, AND OF ENJOYMENT OF THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION, WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON. APN: 162-16-810-479

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $2,534,319.62 as to Charles Burton Ritchie, a/k/a/ Burton Ritchie, and an in personam criminal forfeiture money judgment of $2,534,319.62 as to Benjamin Galecki, a/k/a Zencense Ben, not to be held jointly and severally liable with any codefendants, the collected money judgment

amount between the codefendants is not to exceed $2,534,319.62, and that the property will be applied toward the payment of the money judgment.

This Court finds that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Charles Burton Ritchie, a/k/a/ Burton Ritchie, an in personam criminal forfeiture money judgment of $2,534,319.62.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Benjamin Galecki, a/k/a Zencense Ben, an in personam criminal forfeiture money judgment of $2,534,319.62.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Charles Burton Ritchie, a/k/a/ Burton Ritchie, and Benjamin Galecki, a/k/a Zencense Ben, in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the

government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> James A. Blum
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED __September 9_____, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on September 1, 2020.

                                                          /s/ *Maritess Recinto*
                                                        MARITESS RECINTO
                                                        Paralegal Specialist
                                                        US Attorney's Office