UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>v.<br><br>CHARLES BURTON RITCHIE and<br>BENJAMIN GALECKI,<br><br>  Defendants | Case Nos.: 2:15-cr-00285-APG-EJY<br>            2:20-cr-00163-APG-EJY<br>            2:20-cr-00164-APG-EJY<br><br>**Order Granting in Part Motion for Release Pending Appeal**<br><br>[ECF No. 659] |

Defendants Charles Burton Ritchie and Benjamin Galecki were convicted by a jury of several crimes and pleaded guilty to other crimes in two related cases, all related to marijuana analogue offenses. I sentenced them to a total of 20 years in prison with three years of supervised release to follow. They appealed their trial convictions, focusing primarily on the charges of operating a Continuing Criminal Enterprise (CCE) and violating the Controlled Substances Analogue Act. While their appeals have been pending, they apparently have completed their custodial terms for all but the 20-year sentence for the CCE conviction. They now move for release pending appeal under 18 U.S.C. §§ 3143(b) and 3145(c). ECF No. 659.

Preliminarily, I deny the motion as to Galecki as moot. I recently granted his motion for compassionate release (ECF No. 672), so he soon will be out of custody. I thus address the motion only as to Ritchie.

Ritchie may be released pending his appeal if he can demonstrate (1) "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) his "appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal or a new trial. 18 U.S.C.

§ 3143(b). Because Ritchie was convicted of crimes under the Controlled Substances Act (21 U.S.C. § 801 et seq.), he also must demonstrate "exceptional reasons" why his continued detention is inappropriate. 18 U.S.C. §§ 3145(c); 3143(b)(2); 3142(f)(1)(C).

There is clear and convincing evidence that Ritchie does not present a flight risk or a danger to others. He had no prior criminal history, he was on pretrial release for an extended period of time and complied with all conditions, he attended all required court hearings while on release, his offenses were not violent, and he can reside with family if he is released. Further, his appeal presents non-frivolous issues that, if decided in his favor, would result in reversal of his convictions on the CCE and Analogue Act charges. *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003).

In deciding whether there are "exceptional reasons" why a prisoner should be released pending appeal, the Ninth Circuit has held that

> a wide range of factors may bear upon the analysis. . . . Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct. . . . [T]he court should examine the totality of the circumstances and . . . determine whether, due to any truly unusual factors or combination of factors . . . it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal.

*Id*. at 1018-19 (simplified). To demonstrate that "wide range of factors," the *Garcia* court discussed several different scenarios that may constitute exceptional reasons, including "the nature of the defendant's arguments on appeal." *Id*. at 1020. If the appeal presents issues of first impression, that may "weigh in favor of finding exceptional reasons. . . . Similarly, if the appellate issues are highly unusual in other respects, a district court may consider that factor when evaluating all of the circumstances." *Id*. at 1020-21.

Ritchie's appeal raises significant and complex issues, including some that are of first impression in this circuit. He challenges whether the Analogue Act is void for vagueness. When I sentenced Ritchie, I noted my concerns about the constitutionality and vagueness of the Analogue Act, particularly that it "opens up the door to interpretation, or misinterpretation. . . . A seller of an analogue may not know he or she is breaking the law until the jury decides it is, in fact, an analogue." ECF No. 619 at 120-21. Ritchie also challenges the sufficiency of the evidence against him on the CCE charge. For instance, he contends his co-defendant Ryan Eaton, who was acquitted of all charges, cannot be counted as a supervisee under the CCE charge. He argues that the predicate offenses supporting the CCE conviction occurred in Nevada, where only Eaton worked, and thus could not involve five or more persons working in concert with him as required by the statute. 21 U.S.C. § 848. The complexity of these issues is confirmed by the fact that the Ninth Circuit has been considering the appeal for nearly two years since the case was argued. The nature of Ritchie's appeal constitutes an exceptional reason under *Garcia*. 340 F.3d at 1020-21.

I grant Ritchie's motion for release pending appeal. He will be under the supervision of Pretrial Services while on release. That office will determine the level of monitoring that is appropriate.

I THEREFORE ORDER that the defendants' motion for release pending appeal (ECF **No. 659) is denied as moot as to defendant Benjamin Galecki and granted as to defendant Charles Burton Ritchie**.

I FURTHER ORDER that Ritchie be released from custody by the Bureau of Prisons while his appeal is pending, and that he be supervised during that time by United States Pretrial Services.

I FURTHER ORDER that this order is **stayed for up to 14 days**, to allow for the verification of Ritchie's residence and establishment of a release plan, to make appropriate travel arrangements, and to ensure Ritchie's safe release. Ritchie shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for him to travel. There shall be no delay in completing these tasks. If more than 14 days are needed to accomplish this, the parties shall immediately notify the court and show cause why the stay should be extended.

I FURTHER ORDER Ritchie to provide to Pretrial Services in the district where he will be released the complete address where he will reside upon release.

I FURTHER ORDER Ritchie to report to Pretrial Services in the district in which he is released within 72 hours of his release.

DATED this 17th day of November, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE