SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-CR-285-APG-EJY |
| Plaintiff, | |
| v. | **Stipulation between the United States of America and Charles Burton Ritchie and Benjamin Galekci to Enter the Second Amended Preliminary Forfeiture Order of $2,534,319.62, applying the $2,534,319.62 in the United States Treasury Suspense Account to the forfeited amount, and Order** |
| CHARLES BURTON RITCHIE, a/k/a Burton Ritchie, and BENJAMIN GALECKI, a/k/a Zencense Ben, | |
| Defendants. | |

The United States and Charles Burton Ritchie and Benjamin Galecki, through their counsel, Jame E. Felman, stipulate this Court enters a Second Amended Preliminary Forfeiture Order money judgments of $2,534,319.62 as to Ritchie and $2,534,319.62 as to Galecki and apply the $2,534,319.62 in the United States Treasury Suspense Account[1] to the forfeited amount under the Ninth Circuit affirmed convictions of Ritchie and Galecki for money laundering and drug violations, this Court's findings, Order, and Stipulated Order.

## I. STIPULATION

1. The parties knowingly and voluntarily agree to resolve the forfeiture to avoid further litigation.

---

[1] The $2,534,319.62 (property) in the United States Treasury Suspense Account comes from forfeited property and substituted and forfeited property under the Stipulation to Resolve Forfeiture (Stipulated Forfeiture), ECF Nos. 675, 675-1; Order Granting Stipulation to Resolve Forfeiture (Stipulated Order), ECF No. 677.

2. Ritchie and Galecki knowingly and voluntarily agree to the criminal forfeiture of the property, the criminal forfeiture money judgments, and the forfeited substituted assets.

3. Ritchie and Galecki knowingly and voluntarily agree the district court imposes a criminal forfeiture money judgments of $2,534,319.62, not to be held jointly and severally liable with any codefendants, but the collected money judgments amount between the codefendants is not to exceed $2,534,319.62 to ensure the government does not collect more than the forfeitable amount based on the forfeiture statutes and Ninth Circuit cases.

4. Ritchie and Galecki knowingly and voluntarily agree the criminal forfeiture money judgments amount complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016), *cert. denied*, 583 U.S. 931 (2017); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021) and knowingly and voluntarily waive all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the forfeited property, the criminal forfeiture money judgments, and the forfeited substituted assets in any proceedings under these cases.

5. Ritchie and Galecki knowingly and voluntarily agree to the forfeiture of the property: $2,534,319.62, the criminal forfeiture money judgments, and the forfeited substituted assets to the United States.

6. Ritchie and Galecki knowingly and voluntarily agree this Court imposes the forfeiture of the $2,534,319.62, the criminal forfeiture money judgments, and the forfeited substituted assets.

7. Ritchie and Galecki knowingly and voluntarily relinquish all possessory rights, ownership rights, all rights, titles, and interests in the $2,534,319.62, the criminal forfeiture money judgments, and the forfeited substituted assets to the United States.

8. Ritchie and Galecki knowingly and voluntarily agree to the entry of a Forfeiture Order of the $2,534,319.62, the criminal forfeiture money judgments, and the forfeited substituted assets to the United States.

9. Ritchie and Galecki knowingly and voluntarily waive their rights to any criminal forfeiture proceedings regarding the $2,534,319.62 (proceedings).

10. Ritchie and Galecki knowingly and voluntarily agree the $2,534,319.62 in the United States Treasury Account is applied to the criminal forfeiture money judgments.

11. Ritchie and Galecki knowingly and voluntarily waive service of process of any documents filed in this action and any proceedings concerning the forfeited property, the criminal forfeiture money judgments, and the forfeited substituted assets arising from the facts and circumstances of this case.

12. Ritchie and Galecki knowingly and voluntarily waive any notice to them, their agents, and their attorney regarding the forfeiture and disposition of the forfeited property, the criminal forfeiture money judgments, and the forfeited substituted assets.

13. Ritchie and Galecki knowingly and voluntarily agree not to file any claim, answer, petition, and other documents in any proceedings concerning the forfeited assets, the criminal forfeiture money judgments, and the forfeited substituted assets; agree not to contest, and agree not to assist any other person and entity to contest, the forfeited assets, the criminal forfeiture money judgments, and the forfeited substituted assets; and agree to withdraw immediately any claim, answer, petition, and other documents in any proceedings.

14. Ritchie and Galecki knowingly and voluntarily agree the United States will transfer the forfeited $2,534,319.62 in the United States Treasury's Suspense Account immediately to the United States Treasury's Forfeiture Fund.

15. Ritchie and Galecki knowingly and voluntarily waive the right to appeal any Forfeiture Order.

16. Ritchie and Galecki knowingly and voluntarily waive all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, the seizure of the assets, the forfeited assets, the criminal forfeiture money judgments, and the forfeited substituted assets in any proceedings under the United States Constitution, Fourth Amendment.

17. Ritchie and Galecki knowingly and voluntarily waive the statute of limitations, CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to,

the forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, the forfeited property, the criminal forfeiture money judgments, and the forfeited substituted assets, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property, the criminal forfeiture money judgments, and the substitution and forfeiture of their other assets in any proceedings, including, but not limited to, Double Jeopardy and Due Process under the United States Constitution, Fifth Amendment.

18. Ritchie and Galecki knowingly and voluntarily waive all constitutional, legal, statutory, equitable rights, defenses, and claims about the property, the criminal forfeiture money judgments, and the forfeited substituted assets in any proceedings, including, but not limited to, a jury trial under the United States Constitution, Sixth Amendment.

19. Ritchie and Galecki knowingly and voluntarily waive all constitutional, legal, statutory, equitable rights, defenses, and claims regarding the property, the criminal forfeiture money judgments, and the forfeited substituted assets in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under United States Constitution, Eighth Amendment.

20. Ritchie and Galecki knowingly and voluntarily agree and understand the forfeited $2,534,319.62 shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, and any other penalty the Court may impose upon them.

21. Ritchie and Galecki knowingly and voluntarily agree and understand that on the government's motion, the court may at any time enter a forfeiture order or amend an existing forfeiture order to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and (C) and 32.2(e).

22. Ritchie and Galecki knowingly and voluntarily agree and acknowledge the $2,534,319.62 forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution.

23. Ritchie and Galecki knowingly and voluntarily admit the $2,534,319.62 is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 848, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(C), or a conspiracy to commit such offense; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. §§ 841(a)(1), 841(c), and 856(a)(1), specified unlawful activities as defined in 18 U.S.C. § 1956(c)(7)(A) and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offenses; (3) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1), 841(c), 856(a)(1), 846, and 848; (4) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of 21 U.S.C. §§ 841(a)(1), 841(c), 856(a)(1), 846, and 848; (5) any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, 21 U.S.C. § 848; (6) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1), 841(c), 856(a)(1), 846, and 848, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1), 841(c), 856(a)(1), 846, and 848; (7) any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A), 1957, and 1956(h), or any property traceable to such property; (8) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A), and 1957, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1956(h), conspiracy to commit such offenses; and (9) any property, real or personal, involved in violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A), 1957, and 1956(h), or any property traceable to such property; and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(a)(3); 21

/ / /

U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(7) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1).

24. Ritchie and Galecki knowingly and voluntarily agree to the conditions set forth in this Stipulation.

25. Ritchie and Galecki knowingly and voluntarily agree to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the United States Internal Revenue Service, the United States Internal Revenue Service-Criminal Investigation, the United States Drug Enforcement Administration, their agencies, their agents, and their employees from any claim made by it or any third party arising from the facts and circumstances of this case.

26. Ritchie and Galecki knowingly and voluntarily release and forever discharge the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the United States Internal Revenue Service, the United States Internal Revenue Service-Criminal Investigation, the United States Drug Enforcement Administration, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Ritchie and Galecki now have or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

27. The parties knowingly and voluntarily agree that except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

28. The parties knowingly and voluntarily agree the persons signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the entities, on whose behalf they are signing, to the terms of this Stipulation.

29. The parties knowingly and voluntarily agree each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

30. The parties knowingly and voluntarily agree this Stipulation contains the entire agreement between the parties.

31. The parties knowingly and voluntarily agree this Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

32. The parties knowingly and voluntarily agree this Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

33. The parties knowingly and voluntarily agree this Stipulation may be signed in one or more counterparts and that electronic and facsimiles copies of this Stipulation are considered as a legal original, and the signatures are legal and binding.

## II. STATEMENT OF FACTS

34. The parties knowingly and voluntarily agree Galecki started working at the initial startup and organization of ZIW in March 2010, worked at Zencense Incenseworks, LLC (ZIW), and became a member with a 20% ownership interest of ZIW in September 2010 until the ZIW's assets were sold to Zen-Bio.[2]

35. The parties knowingly and voluntarily agree Ritchie and Galecki worked full time at ZIW, and manufactured spice in Florida from on or about March 2010 to October 2012 and in Nevada in mid-2012.[3]

/ / /

---

[2] Admitted Forfeiture Exhibit (AFE) 108:9, 14, 18, 22-24, 36-37, 67, Galecki's Video Transcript-Oregon wrongful death action, dated September 10, 2015.
[3] AFE 108:9, 14, 22-24, 36-37, 67; Forfeiture Transcript (FT), ECF No. 523:91-95; AFE 107:2-7; 108:8-9, 14, 22-24, 36-37, 67.

36. The parties knowingly and voluntarily agree Galecki was chief of operations, batch tested the raw material, the finished manufactured spice products, and oversaw the shipping process.[4]

37. The parties knowingly and voluntarily agree Ritchie and Galecki managed and controlled all aspects of ZIW.[5]

38. The parties knowingly and voluntarily agree Ritchie incorporated ZIW mid-2010; owning 80% of ZIW and Galecki owning the other 20% of ZIW; being the managing member; being the CEO; director; controller; Galecki and he were manufacturing spice: Bizarro, Avalanche, Head Hunter, Neutronium, Orgazmo, Posh, Sonic Zero, Witch Doctor, and many others with Galecki; selling spice wholesale with Galecki; training others with Galecki to manufacture, to package, and to ship spice; and creating product formulas and mixes with Galecki.[6]

39. The parties knowingly and voluntarily agree "Ritchie and Galecki shared general management and control over the" following tasks: Manufacture of Bizarro Incense; Bizarro Incense Product Testing and Quality Control; Packaging, Labeling, Marketing of Bizarro Incense; Sales of Bizarro Incense to Distributors and Retailers; Warehousing Finish Goods Inventory; Banking; Accounts payable; Invoicing and accounts receivable; and Payroll and member distribution.[7]

40. The parties knowingly and voluntarily agree from November 2011 to about 2013, Rachel Templeman worked as a salesperson selling spice for ZIW that produced spice, and from November 2011 to the first quarter of 2012, Templeman sold Kratom, which was not a big or good seller as a new product that ZIW did not make because people wanted spice.[8]

/ / /

---

[4] AFE 108:9, 14, 22-24, 36-37, 67.
[5] FT, ECF No. 523:91-95; AFE 107:2-7, ZIW's First Response to Plaintiffs' First Set of Interrogatories; 108:8-9, 14, 22-24, 36-37, 67.
[6] FT, ECF No. 523:91-95; AFE 106:6-20, 37-38, Ritchie's Video Transcript-Oregon wrongful death action, dated September 10, 2015; AFE 107:3-4, 6-7; AFE 108:9, 14, 18, 22-24, 36-37, 67.
[7] AFE 107:3-4, 6-7; 108:18.
[8] FT, ECF No. 523:28-35, 38-45, 50-51; Admitted Trial Exhibit (ATE) 62, 63; AFE 106:38-39, 42.

41. The parties knowingly and voluntarily agree beginning the first quarter of 2012, Templeman exclusively sold spice.[9]

42. The parties knowingly and voluntarily agree for 2012, Templeman earned $500,000 in commissions.[10]

43. The parties knowingly and voluntarily agree with her commission at 5% of sales, she sold $10,000,000 dollars of which 97% to 99% was spice.[11]

44. The parties knowingly and voluntarily agree at most her 1% to 3% commission was the sale of non-spice, Kratom, detoxify products, and E-cigarettes.[12]

45. The parties knowingly and voluntarily agree giving Ritchie and Galecki the benefit: $300,000 is 3% of the $10,000,000; Templeman generated illegal gross receipts of $9,700,000 on behalf of Ritchie and Galecki from selling spice in 2012.[13]

46. The parties knowingly and voluntarily agree Internal Revenue Service-Criminal Investigation Special Agent Matthew Schaefer reviewed and analyzed the Gulf Coast Community Bank (GCCB) account 4740 records of ZIW.[14]

47. The parties knowingly and voluntarily agree ZIW's GCCB account 4740 signature card showed Ritchie and Galecki as the authorized account signers on December 15, 2011, when they opened the GCCB account 4740.[15]

48. The parties knowingly and voluntarily agree IRS-CI SA Schaefer showed the flow of the illegal drug proceeds into ZIW's GCCB 4740, an operating account, property 1, and from it to bank accounts, a condominium, vehicles, brokerage account.[16]

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] This Court could have found Ritchie and Galecki liable for a criminal forfeiture money judgment of $9,700,000 based on the facts under 21 U.S.C. § 848, continuing criminal enterprise; 21 U.S. C. § 846 conspiracy; 18 U.S.C. § 1956(h) conspiracy; Ninth Circuit cases. Since the criminal division AUSA agreed to pursue a criminal forfeiture money judgment of $2,534,319.62 and Ritchie, Galecki, and the government failed to appeal the forfeiture decision, ECF No.455, all parties are bound to the forfeiture amount of $2,534,319.62 under the law of the case.
[14] FT, ECF No. 523:51-54, 59-61, 65-155; ATE 51, GCCB records for ZIW account 4740; 51A.
[15] *Id.*
[16] *Id.*

49. The parties knowingly and voluntarily agree IRS-CI SA Schaefer applied the Lowest Intermediate Balance rule (LIBR) accounting method to analyze other bank accounts but not the GCCB account 4740 deposits and used other methods to determine the deposits to it were illegal drug proceeds and withdraws of the illegal drug proceeds.[17]

50. The parties knowingly and voluntarily agree IRS-CI SA Schaefer distinguished gross proceeds from spice versus other sources by interviewing witnesses: Rachel Templeman and Robert Bigerstaff; reviewing deposits into accounts, the businesses' nature, the checks, the money orders, and credit card statements; all of which appeared to be smoke shops, convenience stores, adult novelty shops, appearing to buy only spice.[18]

51. The parties knowingly and voluntarily agree IRS-CI SA Schaefer performed three tracings of illegal proceeds to forfeited assets and the criminal forfeiture money judgments.[19]

52. The parties knowingly and voluntarily agree IRS-CI SA Schaefer applied LIBR to Fidelity Brokerage Account 9730 when determining the illegal proceeds.[20]

53. The parties knowingly and voluntarily agree IRS-CI SA Schaefer used LIBR to trace the illegal proceeds from ZIW's GCCB 4740 to purchase the Condominium by wire transfer and the Van by check.[21]

54. The parties knowingly and voluntarily agree IRS-CI SA Schaefer used LIBR to trace the illegal proceeds from ZIW's GCCB 4740 to Ritchie's personal checking GCCB account 5034, and deposits from other sources were not proven as dirty.[22]

55. The parties knowingly and voluntarily agree IRS-CI SA Schaefer applied LIBR to Ritchie's Bank of America Account 3971, which became an operating account like the previous GCCB 4740 operating account with deposits of illegal drug proceeds to this account.[23]

---

[17] *Id.*
[18] FT, ECF No. 523:53-56, 59-155; AFE 100, 101,102, Summary Charts of Illegal Drug Proceeds to GCCB from different starting dates and all ending to July 31, 2012, flows out to other assets; AFE 100a, 101a, 102a, Gross Proceeds Calculation from different starting dates to July 31, 2012; ATE 51, GCCB records for ZIW account 4740.
[19] FT, ECF No. 523:53, 76-155; AFE 100, 100a, 101, 101a, 102, 102a.
[20] FT, ECF No. 523:83-155; AFE 100, 100a, 101, 101a, 102, 102a, 104.
[21] *Id.*
[22] *Id.*; AFE 103.
[23] FT, ECF No. 523:87-155; AFE 100, 100a, 101, 101a, 102, 102a, 105.

56. The parties knowingly and voluntarily agree IRS-CI SA Schaefer did not apply LIBR to Psychedelic Shack GCCB Account 4690 but used the testimony of Witness Yarbo, who stated the markup was 500 to 700 percent, and this Court did not forfeit the funds in the Psychedelic Shack GCCB Account 4690 and did not forfeit the Ford F-250 truck Ritchie purchased with funds traced from the Psychedelic Shack GCCB Account 4690.[24]

## III. PROCEDURAL HISTORY

57. The parties knowingly and voluntarily agree the Grand Jury indicted Ritchie and Galecki in a 26-Count Superseding Indictment. It had four forfeiture allegations that the government amended twice with Forfeiture Bills of Particulars that provided more specificity and clarification than the previous allegations.[25]

58. The parties knowingly and voluntarily agree the Amended Bill of Particulars Forfeiture (ABOP) Allegation One listed specific assets and an criminal forfeiture money judgments including, but not limited to,[26] at least $5,425,975 as to Ritchie and an criminal forfeiture money judgments including, but not limited to, at least $2,923,647 as to Galecki under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. §§ 853(a)(1), (a)(2), (a)(3) and (p), and 881(a)(6) and (a)(7) with 28 U.S.C. § 2461(c) for violating 21 U.S.C. §§ 841(a)(1), 841(c), 846, 848, 856(a)(1) for Counts 1 and 20-26.

59. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation Two listed specific assets and an criminal forfeiture money judgment including, but not limited to, at least $5,425,975 as to Ritchie and the criminal forfeiture money judgment including, but not limited to, at least $2,923,647 as to Galecki under 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(p) for violating 18 U.S.C. §§ 1956(h), (a)(1)(A)(i), (a)(2)(A), and 1957 for Counts 2-8.[27]

60. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation Three is irrelevant since the Ninth Circuit reversed the convictions and sentence of Counts

---

[24] FT, ECF No. 523:90-155; AFE 100, 100a, 101, 101a, 102, 102a; FO, ECF No. 455.
[25] Superseding Indictment (SI), ECF No. 56; Bill of Particulars for Forfeiture of Property, ECF No. 226; Amended Bill of Particulars for Forfeiture of Property (ABOP), ECF No.259.
[26] *United States v. Lo*, 839 F.3d 777, 781-82, 791-92 (9th Cir. 2016), *cert. denied*, 583 U.S. 931 (2017).
[27] ABOP, ECF No.259.

9-19, Conspiracy to Commit Mail Fraud; Mail Fraud; Conspiracy to Commit Wire Fraud; and Wire Fraud and remanded this case for resentencing but affirmed Ritchie's and Galecki's other convictions.[28]

61. Ritchie and Galecki knowingly and voluntarily agree they requested the jury to determine the forfeiture.[29]

62. The parties knowingly and voluntarily agree after the jury found Ritchie and Galecki guilty of Counts 1-19, 22-26, the government and the defendants discussed forfeiture.[30] The parties knowingly and voluntarily agree this Court provided "guidance for the parties for the forfeiture hearing."[31]

63. The parties knowingly and voluntarily agree for the forfeiture phase of the criminal case in chief, Ritchie and Galecki waived jury deliberation for forfeiture.[32]

64. The parties knowingly and voluntarily agree the government presented testimony, admitted evidence, and argued its forfeiture positions, and defendants cross-examined witnesses, admitted evidence, and argued their forfeiture positions.[33]

65. The parties knowingly and voluntarily agree this Court subsequently issued its forfeiture decision under the drug convictions, the money laundering convictions, the mail fraud convictions, and the wire fraud convictions.[34]

66. The parties knowingly and voluntarily agree Ritchie and Galecki moved to stay the disposing of the forfeited assets, the government opposed, and this Court granted it.[35]

67. The parties knowingly and voluntarily agree this Court did not enter the Final Forfeiture Order as to any potential third-party petitioners pending the appeal.

68. The parties knowingly and voluntarily agree the government moved to substitute and to forfeit defendants' non-forfeited property towards Ritchie's and Galecki's criminal

---

[28] *United States v. Galecki and Ritchie*, 89 F.4th 713, 718, 723 n.3, 726, 734-36, 739-42 n.13 (9th Cir. 2023).
[29] Jury Verdict, ECF No. 439; Minutes Jury Trial (Day-11), ECF No. 442.
[30] Jury Verdict, ECF No. 439; Minutes Jury Trial (Day-11), ECF No. 442.
[31] Order Regarding Scope of Forfeiture, ECF No. 441.
[32] Jury Trial Day 12 Forfeiture Transcript dated July 8, 2019 (FT), ECF No. 523: 4-6.
[33] Minutes Jury Trial (Day 12), ECF No. 449; Forfeiture Trial Exhibit, ECF No. 463; AFE 101, 101A, 103, 104, 105, 106, 107, 108; FT, ECF No. 523.
[34] Forfeiture Order (FO), ECF No. 455.
[35] Order Staying the Execution of the Final Forfeiture Order, ECF No. 570.

money judgments of $2,534,319.62 and Galecki's additional criminal money judgment of $30,000.[36]

69. The parties knowingly and voluntarily agree this Court did not decide the substitution and forfeiture motion and at sentencing, this Court ordered, signed, and attached the Amended Preliminary Forfeiture Order to the Criminal Judgment.[37]

70. The parties knowingly and voluntarily agree Ritchie never responded to the government's substitution and forfeiture motion.[38]

71. The parties knowingly and voluntarily agree Galecki failed to respond but later requested, the government agreed, and this Court, ordered extensions of time.[39]

72. The parties knowingly and voluntarily agree Ritchie and Galecki appealed the convictions and sentencing but did not raise any forfeiture issues on appeal.[40]

73. The parties knowingly and voluntarily agree Ritchie, Galecki, their spouses, the entities, their attorneys, and the United States signed a stipulation to lift the stay; liquidated and disposed of, the properties; returned some properties to the different parties; and left sufficient money in the United States Treasury's Suspense Account to pay the criminal forfeiture of $2,534,319.62.[41]

74. The parties knowingly and voluntarily agree Stipulated Order was signed.[42]

75. The parties knowingly and voluntarily agree the parties did not appeal the forfeited assets and the criminal forfeiture money judgments.[43]

76. The parties knowingly and voluntarily agree the Ninth Circuit affirmed Ritchie's and Galecki's convictions and sentencings of *Count 1*, Continuing Criminal Enterprise; *Count 2*, Conspiracy to Engage in Financial Transactions to Promote Unlawful Activity;

---

[36] Motion to Substitute and to Forfeit Property, ECF No. 582.
[37] APFO, ECF No. 589; Criminal Judgment, ECF Nos. 591, 593.
[38] Reply to Ritchie's and Galecki's failure to respond to Motion to Substitute and to Forfeit Richie's and Galecki's property, ECF No. 613.
[39] *See* Docket.
[40] Notices of Appeal, ECF Nos. 594, 605; Galecki's Ninth Circuit Opening Brief, 20-10288, ECF No. 21; Ritchie's Ninth Circuit Opening Brief, 20-10296, ECF No. 12.
[41] Stipulated Forfeiture, ECF Nos. 675, 675-1.
[42] Stipulated Forfeiture, ECF Nos. 675, 675-1; Stipulated Order, ECF No. 677.
[43] Forfeiture Order (FO), ECF No. 455; Stipulated Forfeiture, ECF Nos. 675, 675-1; Stipulated Order, ECF No. 677.

*Count 3*, Conspiracy to Transport Funds to Promote Unlawful Activity; *Counts 4-7*, Transporting Funds to Promote Unlawful Activity; *Count 8*, Conspiracy to Launder Money Instruments; *Count 22*, Conspiracy to Manufacture, Possess with Intent to Distribute, and Distribute a Controlled Substance Analogue to the Extent Intended for Human Consumption; *Count 23*, Manufacture of a Controlled Substance Analogue Intended for Human Consumption; *Count 24*, Distribution of a Controlled Substance Analogue; *Count 25*, Maintaining Drug-Involved Premises; *Count 26*, Possession of a Listed Chemical With Intent to Manufacture a Controlled Substance Analogue Intended for Human Consumption; *Counts 4-7, 23-26*, Aiding and Abetting, which they appealed.[44]

77. The parties knowingly and voluntarily agree that when the United States Supreme Court denied Ritchie's and Galecki's petitions of certiorari, the Ninth Circuit reversed Ritchie's and Galecki's convictions and sentencing on *Counts 9-19*, Mail Fraud, Wire Fraud, Conspiracies to commit Mail and Wire Fraud; upheld Ritchie's and Galecki's other convictions, Counts 1-8, 22-26; and remanded this case for resentencing.[45]

78. The parties knowingly and voluntarily agree the forfeitures under the mail fraud and the wire fraud convictions are null and void and under the drug convictions and money laundering convictions are valid.[46]

79. The parties knowingly and voluntarily agree Exhibit (Ex.) 58, 89, 91, 93, 94, 95, and the manually served CD are additional evidence to support the Second Amended Preliminary Forfeiture Order.

80. The parties knowingly and voluntarily agree all parties resolved forfeited property and non-forfeited property and once the Stipulated Ordered requirements were met, the stay was lifted, and the properties were liquidated and disbursed.[47]

/ / /

---

[44] Jury Verdict, ECF No. 439; *Galecki and Ritchie*, 89 F.4th at 718, 723 n.3, 726, 734-36, 739-42 n.13, *Galecki* and *Ritchie* (August 1, 2024, 9th Cir.) ECF No. 77.

[45] *Galecki and Ritchie*, 89 F.4th at 718, 723 n.3, 726, 734-36, 739-42 n.13 *cert. denied*, 2024 WL 4742087 (U.S. Nov. 12, 2024); Petition for a Writ Certiorari denied, Mandate Spread, 9th Cir.; ECF Nos. 79, 79-1; 79-2.

[46] SI, ECF No. 56; FO, ECF No. 455; *Galecki and Ritchie*, 89 F.4th at 718, 723 n.3, 726, 734-36, 739-42 and n.13; *see* footnote 44.

[47] Stipulated Order, ECF No. 677.

81. The parties knowingly and voluntarily agree the remaining $2,534,319.62 held at the United States Treasury Suspense Account for the criminal forfeiture of $2,534,319.62 is forfeited assets and forfeited substituted assets, awaiting to be disbursed to the government.[48]

82. The parties knowingly and voluntarily agree the Stipulated Order directs the parties to address the Second Amended Preliminary Forfeiture Order if any convictions in 2:15-CR-285 were "reversed, vacated, and remanded in part."[49]

## IV. CONCLUSIONS OF LAW

### A. Continuing Criminal Enterprise

83. The parties knowingly and voluntarily agree the jury convicted Ritchie and Galecki of Continuing Criminal Enterprise (CCE). This Court must impose criminal forfeitures on "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of a violation of" 21 U.S.C. § 848; "any of the person's property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of" 21 U.S.C. § 848; and "any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise[,]"including the entire amount of the CCE in the criminal forfeiture money judgment and specific assets.[50]

---

[48] Stipulated Order, ECF No. 677.
[49] Stipulated Order, ECF No. 677.
[50] "Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law-(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and (3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise. The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds." 21 U.S.C. § 853(a)(1)-(3); *United States v. Kaley*, 571 U.S. 320, 323 (2014) (quoting 21 U.S.C. § 853(a)(3); § 853(a)(1), forfeiting proceeds; (a)(2) forfeiting property used in or facilitating the crime; and (a)(3) (controlling the continuing criminal enterprise (CCE)); *Libretti v. United States*, 516 U.S. 29, 32 n.1 (1995) (same); *Caplin & Drysdale v. United States*, 491 U.S. 617, 620 n.1 (1989) (forfeiting under 21 U.S.C. § 853(a)(3) property controlling a CCE); *Lo*, 839 F.3d at 793 (forfeiting all the assets, or obtaining the entire criminal forfeiture money judgment amount,

84. The parties knowingly and voluntarily agree "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" violating 21 U.S.C. § 848; "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" § 848; and any "interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise" under § 848 are forfeitable under § 853(a)(3).[51]

85. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation 1 for Count 1 provided constitutional, statutory, and procedural notice to Ritchie and Galecki that the specific assets and the $2,534,319.62 were and are forfeitable because they were "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of a violation of" 21 U.S.C. § 848 under 21 U.S.C. § 853(a)(1); was "used or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of" 21 U.S.C. § 848 under 21 U.S.C. § 853(a)(2); and "any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise" under 21 U.S.C. § 853(a)(3).[52]

86. The parties knowingly and voluntarily agree Ritchie's and Galecki's convictions of Count 1, Continuing Criminal Enterprise, support the forfeiture of specific property and $2,534,319.62 under 21 U.S.C § 853(a)(1), (a)(2), (a)(3); the other forfeiture statutes; the forfeiture procedures; the forfeiture cases; the evidence; and the testimony.[53]

/ / /

---

of the enterprise); *United States v. Hernandez-Escobar*, 911 F.3d 952, 954-55, 958 (9th Cir. 2018) (21 U.S.C. § 853(a)(1), forfeiting drug proceeds); *United States v. Burton*, 722 F. App'x. 677 (2018) (Mem) (21 U.S.C. § 853(a)(2), forfeiting property used in, or facilitating, the crime); *United States v. Colette*, 397 F. App'x 292 (9th Cir. 2010) (21 U.S.C. § 853(a)(2), forfeiting property used in, or facilitating, the crime); *United States v. Wild*, 47 F.3d 669, 675-76 (4th Cir. 1995) (21 U.S.C. § 853(a)(3), forfeiting any "interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise."); *United States v. Narviz-Guerra*, 148 F.3d 530, 538 (5th Cir. 1988) (21 U.S.C. § 853(a)(3), providing control over the continuing criminal enterprise.); *Enron Nigeria Power Holdings, Ltd. v. Federal Public of Nigeria*, 844 F.3d 281, 287 (2d Cir. 2016) (21 U.S.C. § 853(a)(3) is based on a well-established equitable principle that courts will not resolve lawsuits to enforce fraudulent activities or other crimes.).
[51] *See* footnote 52.
[52] ABOP, ECF No. 259; FO, ECF No. 455; 21 U.S.C. § 853(a)(3).
[53] 21 U.S.C. § 853(a)(1)-(3); FO, ECF No. 455; *see* footnote 50.

**B. 28 U.S.C. § 2461(c) Changes Civil Forfeitures to Criminal Forfeitures.**

87. The parties knowingly and voluntarily agree 28 U.S.C. § 2461(c) transforms civil forfeiture statutes into criminal forfeiture statutes.[54]

**C. Conspiracies**

88. The parties knowingly and voluntarily agree the jury convicted Ritchie and Galecki of Conspiracy to Engage in Financial Transactions to promote Unlawful Activities, Count 2; Conspiracy to Transport Funds to Promote Unlawful Activities, Count 3; Conspiracy to Launder Money Instruments, Count 8; Conspiracy to Manufacture, Possess with Intent to Distribute, and Distribute a Controlled Substance Analogue Intended for Human Consumption, Count 22. The Ninth Circuit imposes forfeiture of all assets and the entire criminal forfeiture money judgments of the conspiracies.

89. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegations 1 and 2 for Counts 2-3, 8, and 22 provided constitutional, statutory, and procedural notice to Ritchie and Galecki that the specific assets and the $2,534,319.62 were and are forfeitable because they include all the illegal proceeds; all property used, intended to be used, furnished, intended to be furnished, facilitated, and involved in these conspiracies and the entire amount of the criminal forfeiture money judgments of the conspiracies.[55]

/ / /

---

[54] "If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act." 28 U.S.C. § 2461(c); *United States v. Newman*, 659 F.3d 1235, 1238-40 (9th Cir. 2011), *cert. denied*, 566 U.S. 915 (2012) (In criminal cases, the government can forfeit with civil forfeiture statutes because 28 U.S.C. § 2461(c) makes them criminal forfeitures), *abrogated on other grounds by Honeycutt v. United States,* 581 U.S. 443, 449-50, 453-54 (2017*); United States v. Omidi*, 125 F.4th 1283, 1287 (9th Cir. 2025) (§ 2461(c) converts civil forfeiture statutes into criminal forfeiture statutes); *Lo*, 839 F.3d at 790-791 (§ 2461(c) transforms civil forfeiture statutes to criminal statutes); *United States v. Valdez*, 911 F.3d 960, 962-67 (9th Cir. 2018) (same with 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 853(p)); *United States v. Lane*, No. CR-12-01419-PHX-DGC, 2014 WL 231988, *1 (D. Ariz. Jan. 22, 2014) (same with 21 U.S.C § 881(a)(6)).
[55] *Lo*, 839 F.3d at 793 (forfeiting all the assets, or obtaining the entire criminal forfeiture money judgment amount, of the conspiracy, not just the substantive charged counts).

90. The parties knowingly and voluntarily agree Ritchie's and Galecki's convictions of Counts 2-3, 8, and 22 support the forfeiture of specific property and $2,534,319.62 under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(a)(1), (a)(2); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); the forfeiture procedures; the forfeiture cases; the evidence; and the testimony.

**D. Proceeds**

91. The parties knowingly and voluntarily agree the forfeiture statutes and Ninth Circuit cases define proceeds as receipts, not profit or net gain, under these charges.[56]

92. The parties knowingly and voluntarily agree "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" violating 21 U.S.C. § 801 et seq. is forfeitable under 21 U.S.C. § 853(a)(1).[57]

---

[56] *United States v. Casey*, 444 F.3d 1071, 1072-77 & n.4 (9th Cir. 2006), *cert. denied*, 549 U.S. 1010 (2006) (bracket added)("[M]oney judgment in the forfeiture context is neither 'nonspecific' or 'unlimited.' The statute mandates that a defendant forfeit a very specific amount—the proceeds of his criminal activity. In the present case, Casey must forfeit the $7,000 [the amount, he obtained] in the illegal drug transaction[,]" even though he retained only $200.); *Newman*, 659 F.3d at 1240-41, 1243 (Forfeiture statutes limit the amount ordered and collected for a criminal forfeiture.); *United States v. Phillips*, 704 F.3d 754, 764-66 (9th Cir. 2012) , *cert. denied*, 569 U.S. 10031 (2013) (Forfeiture statutes direct the specific amount the court must order.); *Christensen v. United States*, 828 F.3d 763, 822-24 (9th Cir. 2015) (proceeds means gross receipts), *cert. denied*, 580 U.S. 1049 (2017); *United States v. Lo*, 839 F.3d 777, 789-790, 792-94 (9th Cir. 2016), *cert. denied*, 583 U.S. 931(2017) (Forfeiture statutes dictate the specific amount of the illegal proceeds); *United States v. Nejad*, 933 F.3d 1162 (9th Cir. 2019) (*Honeycutt's* reasonings and holdings are clearly not irreconcilable to *Casey, Newman,* and *Lo* and do not undermine them. It rejected joint and several liability of defendants who did obtain the forfeiture amount.); *United States* v. *Prasad*, 18 F.4th 313, 318-25 (9th Cir. 2021) (Proceeds and receipts are gross proceeds, not limited to profits or net gain. Because they are gross proceeds, not profit or net gain, Prasad obtained all the proceeds he controlled. He had control of all the illegal proceeds.).

[57] "Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law-(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;…" 21 U.S.C. § 853(a)(1); *United States v. Prasad*, 18 F.4th 313, 321 (9th Cir. 2021) (quoting *United States v. Bradley*, 969 F.3d 585, 588–89 (6th Cir. 2020) (citations omitted, second brackets added) (The "term 'proceeds' in 21 U.S.C. § 853(a)(1) means receipts because the statute 'holds defendants responsible for the 'proceeds' they 'obtained' through the conspiracy,' and 'it is beside the point whether the money stayed in [the defendant's] pocket (e.g., kept as profits) or went toward the costs of running the conspiracy (e.g., used to pay coconspirators)[.]' Thus, the court concluded that '[§] 853(a)(1) asks only whether the defendant obtained the money,' not what he did with it." The Ninth Circuit concluded "Congress's use of the phrase 'proceeds obtained' demonstrates that the focus of forfeiture is whether the defendant obtained the property from the commission of the crime, not whether the defendant made a

18

93. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation 1 for Counts 1, 22-26 provided constitutional, statutory, and procedural notice to Ritchie and Galecki that the specific assets and the $2,534,319.62 were and are forfeitable because "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" 21 U.S.C. § 801 et seq. are forfeitable under 21 U.S.C. § 853(a)(1).

94. The parties knowingly and voluntarily agree Ritchie's and Galecki's convictions of Counts 1, 22-26 support the forfeiture of specific property and $2,534,319.62 under 21 U.S.C. § 853(a)(1); the forfeiture procedures; the forfeiture cases; the evidence; and the testimony.

95. The parties knowingly and voluntarily agree "all proceeds traceable to such an exchange" violating 21 U.S.C. § 801 et seq. is forfeitable under 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).[58]

96. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation 1 for Counts 1, 22-26 provided constitutional, statutory, and procedural notice to Ritchie and Galecki that the specific assets and the $2,534,319.62 were and are forfeitable because "all proceeds traceable such an exchange" under 21 U.S.C. § 801 et seq. are forfeitable under 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).[59]

---

profit based on what he later chose to do with that property."); *Id*. at 323-24 (citing *Casey*, 444 F.3d at 1073-74, 1076 & n.4) (The Ninth Circuit held § 853(a)(1) requires "forfeiture of the receipts of illegal drug transactions[;] the amount of money received *from* the sale."); *United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000) (§ 853(a)(1) forfeits the proceeds of drug sales and property purchased with those drug proceeds.): *United States v. Hernandez-Escobar*, 911 F.3d 952, 954-55, 958 (9th Cir. 2018) (21 U.S.C. § 853(a)(1) forfeits drug proceeds).

[58] "The following shall be subject to forfeiture to the United States and no property right shall exist in them:...All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6) (ellipsis added).

[59] 21 U.S.C. § 881(a)(6); *United States v. 22 Santa Barbara Drive*, 264 F3d. 860, 874-75 (9th Cir. 2001) (21 U.S.C. § 881(a)(6) "forfeits 'all proceeds traceable to' a drug transaction."); *United States v. Check of $58,654.11*, 122 F.3d 1263, 1264-65 (9th Cir. 1997) (explaining § 881(a)(6) provides many remedies "against traffic in human weakness by selling drugs or laundering the profits. The aim of the law is to make sure that no proceeds from the sale of a controlled substance are safe from seizure."); *United States v. Washington*, 69 F.3d 401, 402-

19

97. The parties knowingly and voluntarily agree Ritchie's and Galecki's convictions of Counts 1, 22-26 support the forfeiture of specific property and $2,534,319.62 under 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); the forfeiture procedures; the forfeiture cases; the evidence; and the testimony.

98. In this case, 18 U.S.C. § 981(a)(2)(A) defines proceeds for 18 U.S.C. § 981(a)(1)(C): "In cases involving illegal goods, illegal services, unlawful activities, and telemarketing and health care fraud schemes, the term 'proceeds' means property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense."[60]

99. The parties knowingly and voluntarily agree "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of" 21 U.S.C. § 801 et seq. and 21 U.S.C § 846, "conspiracy to commit such offense" is forfeitable under 18 U.S.C.§ 981(a)(1)(C) with 28 U.S.C. § 2461(c).[61]

100. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation 1 for Counts 22-26 provided constitutional, statutory, and procedural notice to Ritchie and Galecki that the specific assets and the $2,534,319.62 were and are forfeitable because "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of" 21 U.S.C. § 801 et seq. and 21 U.S.C § 846, "conspiracy to commit such offense" is forfeitable under 18 U.S.C.§ 981(a)(1)(C) with 28 U.S.C. § 2461(c).

101. The parties knowingly and voluntarily agree Ritchie's and Galecki's convictions of Counts 22-26 support the forfeiture of specific property and $2,534,319.62 under 18

---

03 (9th Cir. 1995) (§ 881(a)(6) is directed at proceeds of illegal drug transactions.); *see also* footnote 59.
[60] 18 U.S.C. § 981(a)(2)(A); *Newman*, 659 F.3d at 1240, 1243 (using 18 U.S.C.§ 981(a)(1)(C) with 28 U.S.C. § 2461(c) to forfeit criminally all illegal proceeds); *Lo*, 839 F.3d at 782, 789-91 (same); *see United States v. Boulware*, 384 F.3d 794, 814 (9th Cir. 2004); *United States v. Phillips*, 704 F.3d 754, 769 (9th Cir. 2012) (quoting Newman, 659 F.3d at 1240) (all illegal proceeds within the statutory and constitutional limits under § 981 (a)(1)(C) with § 2461(c)).
[61] 18 U.S.C. § 981(a)(1)(C); *Lo*, 839 F.3d at 789 (§ 981(a)(1)(C) is broad), at 792 (§ 981(a)(1) (C) with § 981(a)(2)(A)'s broad definition allows all assets in a conspiracy to be forfeited even if no3 included in the convictions.).

U.S.C.§ 981(a)(1)(C) with 28 U.S.C. § 2461(c); the forfeiture procedures; the forfeiture cases; the evidence; and the testimony.

102. The parties knowingly and voluntarily agree "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of" 18 U.S.C.§§ 1956(a)(1)(A)(i), (a)(2)(A), and 1957, or 18 U.S.C. 1956(h), "a conspiracy to commit such offense" is forfeitable under 18 U.S.C.§ 981(a)(1)(C) with 28 U.S.C. § 2461(c).

103. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation 2 for Counts 2-8 provided constitutional, statutory, and procedural notice to Ritchie and Galecki that the specific assets and the $2,534,319.62 were and are forfeitable because "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of" 18 U.S.C.§§ 1956(a)(1)(A)(i), (a)(2)(A), and 1957, or 18 U.S.C. 1956(h), "conspiracy to commit such offense" is forfeitable under 18 U.S.C.§ 981(a)(1)(C) with 28 U.S.C. § 2461(c).

104. The parties knowingly and voluntarily agree Ritchie's and Galecki's convictions of Counts 2-8 support the forfeiture of specific property and $2,534,319.62 under 18 U.S.C.§ 981(a)(1)(C) with 28 U.S.C. § 2461(c); the forfeiture procedures; the forfeiture cases; the evidence; and the testimony.

**E. Involved in**

105. The parties knowingly and voluntarily agree "any property, real or personal, involved in" 18 U.S.C.§§ 1956(a)(1)(A)(i), (a)(2)(A), 1956(h), and 1957", or any property traceable to such property" is forfeitable under 18 U.S.C.§ 982(a)(1).[62]

---

[62] *United States v. Lazerenko*, 476 F.3d 642, 645-47 (9th Cir. 2007) ("Criminal forfeiture reaches any property involved in the offense or any property traceable as proceeds to it. 18 U.S.C. § 982(a)(1)."); *United States v. Lazerenko*, 566 F.3d 1026, 1035 (9th Cir. 2009) (Under 18 U.S.C. §§ 1956 and 982(a)(1), the commingling of illegal proceeds in a bank account "with clean money taints" all the money.); *United States v. Rutgard*, 116 F.3d 1270, 1290-93 (9th Cir. 1997) (18 U.S.C. §§ 1956 and 982(a)(1) authorize forfeiture of illegal proceeds and legal money (§ 1956's 'involved property' language) the defendant used to clean the illegal proceeds. 18 U.S.C. §§ 1957 and 982(a)(1) authorize forfeiture of only criminally derived property, not the commingled legal money.); *United States v. Swenson*, No. 1:13-CR-00091-BLW, 2013 WL 3322632, *2 (D. Idaho July 1, 2013) (Defendants "forfeit not only all proceeds of the listed crimes, including both real and personal property, but also all property involved in the violations, and all property traceable to such property."); *Id.* at 3 (to transfer and to conceal fraud proceeds and to forfeit all funds in the accounts under 18 U .S.C. § 982(a) as property involved in violations of 18 U.S.C. § 1956(h); *United States v. Lindell*, No.

106. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation 2 for Counts 2-8 provided constitutional, statutory, and procedural notice to Ritchie and Galecki that the specific assets and the $2,534,319.62 were and are forfeitable because "any property, real or personal, involved in" 18 U.S.C.§§ 1956(a)(1)(A)(i), (a)(2)(A), 1956(h), and 1957", or any property traceable to such property" is forfeitable under 18 U.S.C.§ 982(a)(1).

107. The parties knowingly and voluntarily agree Ritchie's and Galecki's convictions of Counts 2-8 support the forfeiture of specific property and $2,534,319.62 under 18 U.S.C.§ 982(a)(1); the forfeiture procedures; the forfeiture cases; the evidence; and the testimony.

108. The parties knowingly and voluntarily agree "any property, real or personal, involved in a transaction or attempted transaction in violation of" 18 U.S.C.§§ 1956(a)(1)(A)(i), (a)(2)(A), 1956(h), and 1957", or any property traceable to such property" is forfeitable under 18 U.S.C.§ 981(a)(1)(A) with 28 U.S.C. § 2461(c).[63]

109. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation 2 for Counts 2-8 provided constitutional, statutory, and procedural notice to Ritchie and Galecki that the specific assets and the $2,534,319.62 were and are forfeitable because "any property, real or personal, involved in a transaction or attempted transaction in violation of" 18 U.S.C.§§ 1956(a)(1)(A)(i), (a)(2)(A), 1956(h), and 1957", or any property traceable to such property" is forfeitable under 18 U.S.C.§ 981(a)(1)(A) with 28 U.S.C. § 2461(c).

---

13-00512 DKW, 2016 WL 4707976, *5 (D. Haw. Sept. 8, 2016) (brackets and ellipses added) (Under 18 U.S.C. §§ 1956 and 982(a)(1), the "commingling of…tainted proceeds[] with other TMS funds is sufficient to taint the entire amount…."), *aff'm.*, 766 F. App'x 525, 528 (9th Cir. 2019); *Id.* at *12 (citation omitted) ("'Property involved' in the offense extends to the money or property being laundered and any property used to facilitate the laundering offense.").

[63] *United States v. Omidi*, No. CR 17-661(A)-DMG, 2021 WL 7629897, *2 (C.D. Cal Jun. 15, 2021) (§ 981(a)(1)(A) forfeits untainted or clean money commingled with illegal proceeds); *Id.* at*8 (commingling of unclean or tainted money with clean money taints the entire money in the bank account); *Id.* at 9 (citations omitted) ("Whether money was considered clean at some earlier point, however, does not mean that the funds did not become commingled and tainted and subject to forfeiture or that the funds were not central to the commission of the alleged crimes."); *United States v. Ursery,* 518 U.S 267, 272, 290-91, 293, 296 (1996); *United States v. Fujinaga*, No.: 2:15-cr-0198-GMN-NJK, 2019 WL 2503939, *1, *4 (Jun. 17, 2019) (§ 2461(c) converts § 981(a)(1)(A) into a criminal forfeiture), *aff'm.*, 2022 WL 671018 (Mar. 7, 2022) (forfeiture affirmed); *United States v. Finn*, No. 20-10297, 2022 WL 1047230, *2-3 (Apr. 7, 2022) (§ 2461(c) converts § 981(a)(1)(A) into a criminal); *see also* footnote 65.

110. The parties knowingly and voluntarily agree Ritchie's and Galecki's convictions of Counts 2-8 support the forfeiture of specific property and $2,534,319.62 under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); the forfeiture procedures; the forfeiture cases; the evidence; and the testimony.

**F. Used or Intended to be Used, Facilitated, and Furnished or Intended to be Furnished**

111. The parties knowingly and voluntarily agree "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" 21 U.S.C. § 801 et seq. is forfeitable under 21 U.S.C. § 853(a)(2).[64]

112. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation 1 for Counts 1, 22-26 provided constitutional, statutory, and procedural notice to Ritchie and Galecki that the specific assets and the $2,534,319.62 were and are forfeitable because "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" under 21 U.S.C. § 801 et seq. are forfeitable under 21 U.S.C. § 853(a)(2).

113. The parties knowingly and voluntarily agree Ritchie's and Galecki's convictions of Counts 1, 22-26 support the forfeiture of specific property and $2,534,319.62 under 21 U.S.C. § 853(a)(2); the forfeiture procedures; the forfeiture cases; the evidence; and the testimony.

114. The parties knowingly and voluntarily agree "all moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of" 21 U.S.C. § 801 et seq. "and all moneys, negotiable instruments, and securities used or intended to be

/ / /

/ / /

---

[64] *United States v. Littlefield*, 821 F.2d 1365, 1367 (9th Cir. 1987) (In 21 U.S.C. § 853(a)(2), "Congress plainly provided for forfeiture of property even where only a portion of it was used for the prohibited purposes."); *United v. Burton*, 722 F. App'x 677, 678 (9th Cir. 2018) (§ 853(a)(2) forfeits the entire property when only part of it was used in, or facilitated, the crime); *United States v. Colette*, 397 F. App'x 292 (9th Cir. 2010) (21 U.S.C. § 853(a)(2) forfeits property used in, or facilitating, the crime); *United v. Creighton*, 52 F. App'x 31, 36 (9th Cir. 2002) (same).

used to facilitate any violation of" 21 U.S.C. § 801 et seq. are forfeitable under 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).[65]

115. The parties knowingly and voluntarily agree the ABOP Forfeiture Allegation 1 for Counts 1, 22-26 provided constitutional, statutory, and procedural notice to Ritchie and Galecki that the specific assets and the $2,534,319.62 were and are forfeitable because "all moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of" "and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 et seq. are forfeitable under 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

116. The parties knowingly and voluntarily agree Ritchie's and Galecki's convictions of Counts 1, 22-26 support the forfeiture of specific property and $2,534,319.62 under 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); the forfeiture procedures; the forfeiture cases; the evidence; and the testimony.

117. The parties knowingly and voluntarily agree that after this Court signs and enters the Second Amended Preliminary Forfeiter Order and after publication as legally required occurs and the time to file has expired, Ritchie and Galecki agree at any time before, during, or after sentencing, the government can and will submit the Final Forfeiture Order.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[65] *United States v. $22,474*, 246 F.3d 1212, 1215-17 (9th Cir. 2001) (Based on the evidence, the Court found the money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical or was used or intended to be used to facilitate a drug transaction.); *United States v. $129,727*, 129 F.3d 486, 489-91 (9th Cir. 2001) (finding on the facts the money furnished or was intended to be furnished by any person in exchange for a controlled substance or listed chemical); *United States v. $5,644,540*, 799 F.3d 1357, 1362-63 (9th Cir. 1986)(finding the cash was furnished or intended to be furnished for a drug exchange); *United States v. $225,850*, 308 F. App'x 158, 160 (9th Cir. 2009).

1    118. The parties agree knowingly and voluntarily they may sign this Stipulation in

2 one or more counterparts in electronic or facsimile copies of the Stipulation that will be

3 considered as a legal original and the signatures will be legal and binding.

4    KAYNES MARKMAN & FELMAN

5

6    JAMES E. FELMAN
7    100 S. Ashley Drive, Suite 1450
     Tampa, Florida 33602

8

9    DATED: 5/13/25

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHARLES BURTON RITCHIE

DATED: 5/5/25

BENJAMIN GALECKI

DATED: 4/23/25

SIGAL CHATTAH
United States Attorney

DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

DATE: _____

IT IS SO ORDERED:

ANDREW P. GORDON
United States District Judge

25

118. The parties agree knowingly and voluntarily they may sign this Stipulation in one or more counterparts in electronic or facsimile copies of the Stipulation that will be considered as a legal original and the signatures will be legal and binding.

KAYNES MARKMAN & FELMAN

_____
JAMES E. FELMAN
100 S. Ashley Drive, Suite 1450
Tampa, Florida 33602


DATED: _____

_____
CHARLES BURTON RITCHIE


DATED: _____

_____
BENJAMIN GALECKI


DATED: _____


SIGAL CHATTAH
United States Attorney

 /s/ Daniel D. Hollingsworth
_____
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

DATE:   May 14, 2025

IT IS SO ORDERED:

Dated: May 15, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE