UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:15-CR-285-APG-EJY |
|---|---|
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| CHARLES BURTON RITCHIE, a/k/a Burton Ritchie, and | |
| BENJAMIN GALECKI, a/k/a Zencense Ben, | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Forfeiture Order for the below listed property numbered 1-6, based upon the jury verdict finding Charles Burton Ritchie, a/k/a Burton Ritchie, and Benjamin Galecki, a/k/a Zencense Ben, guilty of criminal offenses, forfeiting specific property and imposing in personam criminal forfeiture money judgments set forth in the Amended Bill of Particulars and the Forfeiture Allegations of the Superseding Indictment and shown by the United States to have the requisite nexus to the offenses to which Charles Burton Ritchie, a/k/a Burton Ritchie, and Benjamin Galecki, a/k/a Zencense Ben, were found guilty. Superseding Indictment, ECF No. 56; Amended Bill of Particulars, ECF No. 259; Minutes of Jury Verdict, ECF No. 439; Jury Trial, ECF No. 442; Forfeiture Order, ECF No. 455.

The Court found the requisite nexus between the following items and the offenses to which defendants were found guilty, and ordered the forfeiture of:

1. $75,082.76 of $1,002,327.00 in United States Currency;
2. $46,173.56 in United States Currency;

      3.   a 2011 Chevrolet 3500 Express Van, VIN: 1GB3G3CG9B1113885;

      4.   $294,151 of $296,746.66 in United States Currency;

      5.   $177,844.68 in United States Currency;

      6.   The real property known as 260 East Flamingo Road, Unit No. 205 [also known as Unit No. 233], Las Vegas, Nevada 89169 more particularly described as:

PARCEL I:

UNIT TWO HUNDRED THIRTY-THREE (233) ("UNIT") IN BUILDING FOUR (4) ("BUILDING") AS SHOWN ON THE FINAL PLAT OF THE MERIDIAN AT HUGHES CENTER, FILED IN BOOK 49 OF PLATS, PAGE 40, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA ("PLAT"), AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR THE MERIDIAN AT HUGHES CENTER, RECORDED JUNE 1, 2005 AS INSTRUMENT NO. 0001551 IN BOOK 20050601 OFFICIAL RECORDS, CLARK COUNTY NEVADA ("THE MERIDIAN AT HUGHES CENTER DECLARATION")

PARCEL II:

TOGETHER WITH AN UNDIVIDED ALLOCATED FRACTIONAL INTEREST IN AND TO THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

PARCEL III:

TOGETHER WITH AN EXCLUSIVE INTEREST IN AND TO THOSE LIMITED COMMON ELEMENTS, IF ANY, APPURTENANT TO THE UNIT, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION.

PARCEL IV:

TOGETHER WITH A NON-EXCLUSIVE EASEMENT OF REASONABLE INGRESS TO AND EGRESS FROM THE UNIT, AND OF ENJOYMENT OF THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE PLAT AND THE MERIDIAN AT HUGHES CENTER DECLARATION, WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON. APN: 162-16-810-479;

and an in personam criminal forfeiture money judgment of $2,534,319.62 as to Charles Burton Ritchie, a/k/a Burton Ritchie, and an in personam criminal forfeiture money judgment of $2,534,319.62 as to Benjamin Galecki, a/k/a Zencense Ben, not to be held jointly and severally liable with any codefendants, the collected money judgment

amount between the codefendants is not to exceed $2,534,319.62, and that the property numbered 1-6 will be applied toward the payment of the money judgment. Forfeiture Order, ECF No. 455.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment amount of $2,534,319.62 complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from October 18, 2019, through November 16, 2019, and from November 13, 2020, through December 12, 2020, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 498-1, p. 5; ECF No. 623-1, p. 5.

This Court finds the United States notified known third parties by personal service or by regular mail and certified mail return receipt requested of their right to petition the Court. Notice of Filing Service of Process – Mailing (NOFSOP-M), ECF No. 504; Notice of Filing Service of Process – Personal Service (NOFSOP-P), ECF Nos. 505, 616.

On December 3, 2019, the United States Attorney's Office (USAO) served Gregory J. Walch, General Counsel, Southern Nevada Water Authority, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 3, 7-18, 20-22.

On December 3, 2019, the USAO served Gregory J. Walch, General Counsel, Las Vegas Valley Water Authority, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 3, 7-18, 23-24.

/ / /

On December 3, 2019, the USAO served Marilyn Kirkpatrick, President, Las Vegas Valley Water Authority, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 3, 7-18, 25-26.

On December 3, 2019, the USAO served ZIW, LLC, c/o Registered Agent David McGee, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 3, 7-18, 27-28.

On December 3, 2019, the USAO served John Entsminger, General Manager, Las Vegas Valley Water Authority, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 3, 7-18, 29-30.

On December 3, 2019, the USAO served David Johnson, General Manager, Southern Nevada Water Authority, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 3-4, 7-18, 31-32.

On December 3, 2019, the USAO served Justin Jones, Commissioner, Clark County Reclamation District, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 4, 7-18, 33-34.

On December 3, 2019, the USAO served Lynn Goya, Clark County Clerk, Clark County Water Reclamation District, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 4, 7-18, 35-36.

On December 3, 2019, the USAO served Lynn Goya, Clark County Clerk, Clark County Board of Commissioners, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 4, 7-18, 37-38.

On December 3, 2019, the USAO served Lynn Goya, Clark County Clerk, Commission Division, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 4, 7-18, 39-40.

On December 3, 2019, the USAO served Laura B. Fitzpatrick, Clark County Treasurer, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 4, 7-18, 41-42.

///

On December 3, 2019, the USAO served Debbi Conway, Clark County Recorder, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 4, 7-18, 43-44.

On December 3, 2019, the USAO served Steven B. Wolfson, Clark County District Attorney, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 4, 7-18, 45-46.

On December 3, 2019, the USAO served Nina J. Ginsberg, Attorney, Dimuro and Ginsberg, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 5, 7-18, 47-48.

On December 3, 2019, the USAO served Ashley Jett (Galecki), by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 5, 7-18, 49-50.

On December 3, 2019, the USAO served ZIW, LLC, c/o Attorney Wayne Klomp, Snell & Wilmer LLP, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 5, 7-18, 51-52.

On December 3, 2019, the USAO served Stephanie Ritchie by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 5, 7-18, 53-54.

On December 3, 2019, the USAO served Stephanie Ritchie, c/o Attorney Wayne Klomp, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 5, 7-18, 55-57.

On December 3, 2019, the USAO served Stephanie Ritchie, c/o Attorney David McGee, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 5, 7-18, 58-59.

On December 3, 2019, the USAO served Briana Johnson, Clark County Assessor, by regular and certified return receipt mail with the Forfeiture Order and the Notice. NOFSOP-M, ECF No. 504-1, p. 5, 7-18, 60-61.

///

On December 9, 2019, the Internal Revenue Service-Criminal Investigation (IRS-CI) personally served Steven B. Wolfson, Clark County District Attorney, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 3-4, 18-29.

On December 6, 2019, the IRS-CI personally served Briana Johnson, Clark County Assessor, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 5, 18-29.

On December 6, 2019, the IRS-CI personally served Debbie Conway, Clark County Recorder, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 6, 18-29.

On December 6, 2019, the IRS-CI personally served Laura B. Fitzpatrick with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 7, 18-29.

On December 4, 2019, the IRS-CI personally served Lynn Goya, Clark County Clerk, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 8, 18-29.

On December 4, 2019, the IRS-CI personally served Gregory J. Walch, General Counsel, Las Vegas Valley Water District, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 9, 18-29.

On December 4, 2019, the IRS-CI personally served Lynn Goya, Clark County Clerk, Clark County Board of Commissioners, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 10, 18-29.

On December 4, 2019, the IRS-CI personally served Lynn Goya, Clark County Clerk, Clark County Water Reclamation District, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 11, 18-29.

On December 4, 2019, the IRS-CI personally served Gregory J. Walch, General Counsel, Southern Nevada Water Authority, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 12, 18-29.

/ / /

/ / /

On December 6, 2019, the IRS-CI personally served Justin Jones, Commissioner, Clark County Water Reclamation District, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 13, 18-29.

On December 4, 2019, the IRS-CI personally served David J. Johnson, General Manager, Southern Nevada Water Authority, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 14, 18-29.

On December 4, 2019, the IRS-CI personally served John Entsminger, General Manager, Las Vegas Valley Water District, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 15, 18-29.

On December 4, 2019, the IRS-CI personally served Marilyn Kirkpatrick, President, Las Vegas Valley Water District, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 505-1, p. 16, 18-29.

On September 23, 2020, the IRS-CI personally served Michael Schurer, President of Meridian Private Residences Homeowners Association, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 616-1, p. 3, 9-20.

On September 23, 2020, the IRS-CI personally served William Honeycutt, Treasurer of Meridian Private Residences Homeowners Association, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 616-1, p. 4, 9-20.

On September 23, 2020, the IRS-CI personally served Richard Baker, Vice President of Meridian Private Residences Homeowners Association, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 616-1, p. 5, 9-20.

On September 23, 2020, the IRS-CI personally served Carl Zablonty, Secretary of Meridian Private Residences Homeowners Association, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 616-1, p. 6, 9-20.

On September 23, 2020, the IRS-CI personally served First Service Residential, Nevada, LLC, Registered Agent for Meridian Private Residences Homeowners Association, with copies of the Forfeiture Order and the Notice. NOFSOP-P, ECF No. 616-1, p. 7, 9-20.

/ / /

On September 2, 2020, the United States filed a Motion to Substitute and to Forfeit the following:

    7. $2,595.66 from Ritchie's Gulf Coast Community Bank personal checking account number xxxxxxx5034;

    8. $39,451.60 from Gulf Coast Community Bank account number xxxxxxx4690;

    9. Ford F-250 Pickup Truck, VIN: 1FT7W2BT1CEC44330;

    10. Any and all funds from Stephanie Ritchie Fidelity Investment Brokerage account number xxxxx9730 minus Ms. Ritchie's portion and its appreciation, which of the total amount in the account is 11.916%;

    11. The property located at 433 Shiloh Drive, Pensacola, Florida, together with all improvements and appurtenances thereon and more particularly described as:

Lot 2, Block B of OAKFIELD ACRES PARCEL 8, according to the Plat thereof as recorded in Plat Book 6, Page(s) 46, of the Public Records of Escambia County, Florida; Parcel Identification Number: 351S30-4500-002-002; and

    12. Commercial property located at 401 N Tarragona St, Pensacola, Florida, together with all improvements and appurtenances thereon and more particularly described as:

The East 95 feet of Lot 17, Belmont Numbering, Block 86, Belmont Tract. Section 19, Township 2 South, Range 30 West, Escambia County, Florida. AND Lots 18, 19, 20, 21, 22, and 23, Block 86, East King Tract, Belmont Numbering, City of Pensacola, according to map of said City copyrighted by Thomas C. Watson, of the Public Records of Escambia County, Florida. Property Identification Numbers 000S009010017086, 000S009010018086, 000S009010020086, and 000S009010021086.

Motion to Substitute and Forfeit Property, ECF No. 582.

On September 11, 2020, the Court entered an Amended Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), 853(a)(3), and 853(p); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(7) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. §

/ / /

2461(c); 18 U.S.C. § 982(a)(1); and 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c). Amended Preliminary Order of Forfeiture, ECF No. 589.

On December 4, 2023, Amy B. Cleary, Counsel for Benjamin Galecki, filed a Stipulation to Resolve Forfeiture, ECF No. 375. In this Stipulation, all parties agreed to the following terms as relevant to this Final Order of Forfeiture and as to this criminal case:

- Charles Burton Ritchie, a/k/a Burton Ritchie, and Benjamin Galecki, a/k/a Zencense Ben, were each liable for an in personam criminal forfeiture money judgment of $2,534,319.62, not to be held jointly and severally liable with any codefendants, the collected money judgment amount between the codefendants was not to exceed $2,534,319.62, and that the forfeited property would be applied toward the payment of the money judgment;
- The property listed above numbered 1-6 was forfeited to the United States;
- The following property was substituted and forfeited to the United States:
    - $2,595.66 from Ritchie's Gulf Coast Community Bank personal checking account number xxxxxx5034;
    - $39,451.60 from Gulf Coast Community Bank account number xxxxxxx4690; and
    - 100% of the Fidelity Investment Brokerage Account, No. xxxxx9730 up to the amount needed to satisfy the forfeiture money judgments;
- The Fidelity Investment Brokerage Account would be liquidated, subsuming the forfeited $75,082.76, the government would retain some of the liquidated funds to pay the capital gains taxes based on Charles Burton Ritchie, a/k/a Burton Ritchie, and Stephanie Ritchie's tax attorneys' calculations, and Charles Burton Ritchie, a/k/a Burton Ritchie, would be accountable for paying any capital gains taxes not covered by the retained funds;
- The forfeited 2011 Chevrolet would be liquidated;

/ / /

/ / /

9

- Set forth the order the forfeited property and substituted property would be applied to the payment of the $2,534,319.62 money judgments and the disposition of any remaining funds;
- The forfeiture of the property located at 260 East Flamingo Road, Unit No. 205, aka Unit No. 233, would be reversed and returned to Charles Burton Ritchie if the other forfeited properties paid the money judgments in full;
- All liquidated funds to be applied to the money judgments would remain in the Treasury Suspense Account pending resolution of defendants' Ninth Circuit appeals; and
- All parties waived any further notice regarding the forfeiture in this case.

On December 5, 2023, the Court granted the Stipulation to Resolve Forfeiture, ECF No. 677.

On December 27, 2023, the Ninth Circuit issued an Opinion, which affirmed defendants' convictions on Counts 1-8 and 22-26, but vacated defendants' convictions on Counts 9-19. Opinion, ECF No. 684.

On April 10, 2024, the United States filed an Unopposed Motion to Release the Excess funds in the United States Treasury Suspense Account and to Vacate the Forfeiture of 260 East Flamingo Road, Unit No. 205, aka Unit No. 233, Las Vegas, NV 89169, ECF No. 688. The Court granted the Motion, ECF No. 689.

On May 15, 2025, the United States filed a Stipulation between the United States of America and Charles Burton Ritchie and Benjamin Galecki to Enter the Second Amended Preliminary Forfeiture Order of $2,534,319.62, applying the $2,534,319.62 in the United States Treasury Suspense Account to the forfeited amount, and Order (Stipulation), ECF No. 693. Charles Burton Ritchie, a/k/a Burton Ritchie, and Benjamin Galecki, a/k/a Zencense Ben, stipulated that the affirmed convictions of Counts 1-8 and 22-26 retained the requisite nexus to the forfeiture of the property as set forth in the Forfeiture Order, ECF No. 455, agreed to the forfeiture of the $2,534,319.62 liquidated and held as agreed in the

///

Stipulation to Resolve Forfeiture, ECF No. 677, and applied the forfeited amount to the money judgments.

On May 15, 2025, the Court granted the Stipulation, ECF No. 694.

On My 30, 2025, the United States filed the proposed Third Amended Preliminary Order of Forfeiture, ECF No. 697. On June 2, 2025, the Court entered an Order granting the Third Amended Final Order of Forfeiture, ECF No. 698.

This Court finds the United States published the notice of forfeiture as to the forfeiture of the substitute property in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from June 5, 2025, through July 4, 2025, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 699-1, p. 5.

The following is the final list of property and substitute property subject to forfeiture:

a. $46,173.56 in United States Currency;
b. a 2011 Chevrolet 3500 Express Van, VIN: 1GB3G3CG9B1113885;
c. $294,151 of $296,746.66 in United States Currency;
d. $177,844.68 in United States Currency;
e. $2,595.66 from Ritchie's Gulf Coast Community Bank personal checking account number xxxxxx5034;
f. $39,451.60 from Gulf Coast Community Bank account number xxxxxxx4690; and
g. 100% of the Fidelity Investment Brokerage Account, No. xxxxx9730 up to the amount needed to satisfy the forfeiture money judgments

For a total forfeiture of $2,534,319.62 in United States Currency under the Stipulations (all of which constitutes property).

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

/ / /

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property are condemned, forfeited, and vested in the United States; and

that the United States recover from Charles Burton Ritchie, a/k/a Burton Ritchie, an in personam criminal forfeiture money judgment of $2,534,319.62, and from Benjamin Galecki, a/k/a Zencense Ben, an in personam criminal forfeiture money judgment of $2,534,319.62, not to be held jointly and severally liable with any codefendants, and the collected money judgment amount between the codefendants is not to exceed $2,534,319.62 to ensure the government does not collect more than the forfeitable amount based on the forfeiture statutes and Ninth Circuit cases, and that the property will be applied toward the payment of the money judgment under Ninth Circuit case law, forfeiture statutes, and Fed. R. Crim. P. 32.2(b)(2)(A); and

the forfeiture of the money judgment and the property is imposed under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), 853(a)(3), 853(n)(7), and 853(p); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 21 U.S.C. § 881(a)(7) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); that the money judgment shall be collected; and that the property and the collected amount shall be disposed of according to law and the Stipulations.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all rights, titles, and interests in the property are extinguished and are not recognized for Charles Burton Ritchie, a/k/a Burton Ritchie; Benjamin Galecki, a/k/a Zencense Ben; ZIW, LLC; Stephanie Ritchie; Ashley Jett; Galecki Enterprises LLC, including Pensacon, LLC; and all third parties.

/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law and the Stipulations.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED August 8, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE